## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

GERALD CASH, et al.                :        CASE NO. 1:01CV753

      Plaintiff,              :        (Judge Beckwith)

     v.                          :        **CITY OF CINCINNATI'S**
                                    **MOTION TO DISMISS FOR**
HAMILTON COUNTY DEPARTMENT OF      :        **LACK OF JURISDICTION AND**
ADULT PROBATION, et al.                     **MEMORANDUM IN SUPPORT**
                            :

      Defendants.             :

                            :

The City of Cincinnati moves to dismiss the plaintiff's[1] sole remaining claim (that the City deprived the plaintiff of his right to procedural due process) on the ground that the claim is not ripe and the Court consequently lacks jurisdiction.

The plaintiff conceded the availability to him of a state replevin remedy.  He further conceded that he did not pursue that state remedy prior to filing this federal court lawsuit claiming that he was denied his right to procedural due process.  In his words:  "Ohio law makes it clear that every individual has a right to his or her own personal property and may bring an action in replevin to protect that right.  Ohio Rev. Code Section 2737.02 . . . ."  Appellants' Brief in the Sixth Circuit (Case No. 03-3916), p. 9, n. 6 (attached to this motion).  Damages may be recovered in an action in replevin.  *Jedlicka v. Good Mechanical Auto Co.*, 21 Ohio App.3d 19, 486 N.E.2d 121 (1984).

It is well-established that a taking claim is not ripe if a plaintiff failed to first pursue adequate state remedies.  *Williamson County Reg. Planning Commission v. Hamilton Bank*, 473

---

[1] Only plaintiff Garcia responded to the Petition for Writ of Certiorari filed by the City of Cincinnati in the United States Supreme Court.  The City assumes that Mr. Garcia is the only remaining plaintiff.

U.S. 172 (1985).  A procedural due process claim is also not ripe if a plaintiff fails to pursue

adequate state remedies.[2]   The Sixth Circuit has held that the failure to pursue adequate state

remedies meant that a similar claim was not ripe:

> Procedural due process and equal protection claims that are ancillary to taking
> claims are subject to same ripeness requirements, i.e. procedural due process and
> equal protection claims ancillary to taking claims are not ripe for review unless
> the plaintiff has met the two elements above [including that if the state had a
> procedure for obtaining compensation, compensation was sought and denied
> through that procedure].

*Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002).

The Ninth Circuit held that the ripeness requirement that applies to taking claims also

applies to claims for the denial of procedural due process, equal protection, and substantive due

process.  *Traweek v. City and County of San Francisco*, 920 F.2d 589, 593-94 (9th Cir. 1990).

The Eighth Circuit held that ripeness requirements apply to procedural due process claims.

*Wax'n Works v. City of St. Paul*, 213 F.3d 1016, 1019 (8th Cir. 2000).  Other circuits have also

held that a litigant asserting a deprivation of procedural due process must exhaust state remedies

before such an allegation states a claim under 42 U.S.C. 1983.  *Flint Electric Membership Corp.*

*v. Whitworth*, 68 F.3d 1309, 1313 (11th Cir. 1995) (*per curiam*), modified, 77 F.3d 1321 (11th

Cir. 1996); *Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 43 (1st Cir. 1994); *New Burnham Prairie*

*Homes, Inc. v. Village of Burnham*, 910 F.2d 1474, 1480 (7th Cir. 1990); *Brady v. Town of*

*Colchester*, 863 F.2d 205, 211 (2nd Cir. 1988).

---

[2] The Sixth Circuit panel asserted that it had "no need to address the ripeness issue,"  388 F.3d 539, 544-45 (2004),
because the panel misconstrued the City's argument that the procedural due process claim was not ripe.  Instead, the
panel mistakenly attributed the ripeness argument to the plaintiff's now abandoned Fifth Amendment takings claim
and, therefore, considered the argument moot.  In fact, the City argued to the panel that the plaintiff's procedural due
process claim was not ripe.  Furthermore, the jurisdictional argument cannot be waived.  The very nature of a federal
procedural due process claim is that there is no adequate state remedy available.  Where, as in the case at bar, there
is an adequate state remedy available, a federal procedural due process claim is not ripe if the state remedy was not
invoked.

Since the plaintiff had an adequate state remedy, and he failed to avail himself of that remedy, his procedural due process claim is not ripe and the Court lacks jurisdiction. The plaintiff's complaint should be dismissed.

Respectfully submitted,

JULIA L. McNEIL (0043535)

s/ Richard Ganulin
RICHARD GANULIN (0025642C)
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3329
(513) 352-1515 FAX
richard.ganulin@cincinnati-oh.gov

Trial counsel for defendant City of Cincinnati

## CERTIFICATE OF SERVICE

I hereby certify on October 12, 2005 a true and accurate copy of the foregoing City of Cincinnati's Motion to Dismiss for Lack of Jurisdiction and Memorandum in Support was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties by certified mailed who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Richard Ganulin
RICHARD GANULIN (0025642C)
Assistant City Solicitor

CashMTD 1005-RG/(skj)