Cash v. City of Cincinnati
Brief for Appellants
12/3/03, Page 9

rule is that an individual should receive predeprivation notice and a hearing [before property is taken by the Government]." *United States v. Real Property*, 52 F.3d 1416, 1419 (6th Cir. 1995), citing *United States v. James Daniel Good Real Property*, 510 U.S. 43, 53 (1993):

> The purpose of this requirement is not only to ensure abstract fair play to the individual. Its purpose, more particularly, is to *protect his use and possession of property from arbitrary encroachment – to minimize substantively unfair or mistaken deprivations of property* . . . .

52 F.3d at 1419, quoting *Fuentes v. Shevin*, 407 U.S. 67, 80-81 (1972) (emphasis added).[6]

The only exceptions to the general rule come in "extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event." 52 F.3d at 1419 (citations omitted). *See Harris v. City of Akron*, 20 F.3d 1396 (6th Cir. 1994) (building about to fall; demolition before hearing held justified).

---

destruction of property in that case "constituted a 'taking' and, if so, the amount of just compensation the [Plaintiffs] were due for that taking."

[6] Neither the County nor the City argued below that Plaintiffs do not have a protected property right with regard to the personal items listed in the Amended Complaint. Ohio law makes it clear that every individual has a right to his or her own personal property and may bring an action in replevin to protect that right. Ohio Rev. Code § 2737.02 ("The possession of specific personal property may be recovered in a civil action . . . ."). This prerequisite to Plaintiffs' action pursuant to 42 U.S.C. § 1983 is therefore established.