IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GERALD CASH, *et al.*, | : | Case No. 1:01cv753 |
| Plaintiffs, | : | (Judge Beckwith) |
| v. | : | PLAINTIFFS' MEMORANDUM IN OPPOSITION TO CITY'S MOTION TO DISMISS (Doc. 47) |
| HAMILTON COUNTY DEPT. OF ADULT PROBATION, | : | |
| | : | |
| Defendants. | | |

### I. INTRODUCTION

The City of Cincinnati has moved to dismiss on the ground of ripeness. As Plaintiffs will demonstrate (1) the Sixth Circuit has already rejected this argument, and that rejection is binding upon this Court as the "law of the case;" (2) no court has ever held that a state replevin action is a condition precedent to a federal civil rights claim when a municipal policy has been established, as it has here.

A. THE SIXTH CIRCUIT'S REJECTION OF THE CITY'S ARGUMENT ENDS THE RIPENESS INQUIRY.

    1. The Law of the Case Doctrine

"In determining what the trial court may consider on remand, this Court observed that, as with all applications of the law-of-the-case doctrine, the trial court may consider those issues not decided expressly or impliedly by the appellate court or a previous trial court." *McKenzie v. BellSouth Telecommunications, Inc.*, 219 F.3d 508, 513 (6th Cir. 2000). Here, the Sixth Circuit plainly held that the City's ripeness defense applied only to Plaintiffs' Fifth Amendment takings claims, which Plaintiffs originally alleged but later dropped. *Cash v. Hamilton Cty Dept. of Adult Probation*, 388 F.3d 539, 544-45 (6th

Cir. 2004). The Court went on to hold that Plaintiffs "are relying solely on the Fourteenth Amendment as the legal basis for their lawsuit. We therefore have no need to address the ripeness issue." *Id*. This holding is the law of the case on remand and cannot be overturned by this Court.

In fact, there is no excuse for the City's attempt to resuscitate the ripeness issue at this late date, especially in light of the fact that it forgot to present its authorities to this Court originally and to the Sixth Circuit on appeal.[1] Its sole excuse is that "the Sixth Circuit panel . . . misconstrued the City's argument that the procedural due process claim was not ripe." (City Memo at 2, n. 2) But it is not up to this Court to correct the "errors" of a higher court. The Court should reject the City's position.

2. <u>In any Event, no Case in Any Circuit Holds that a State Replevin Action is a Condition Precedent to a 1983 Action Where a Municipal Policy has Been Demonstrated.</u>

The City argues that Respondents could have brought a replevin action in state court and that their failure to do so makes their constitutional claims unripe. However, absent a federal statute requiring exhaustion such as the Prison Litigation Reform Act, or some other authority regarding a particular type of claim, such as eminent domain, the City's position is contrary to *Patsy v. Board of Regents of State of Florida*, 457 U.S. 496, 102 S.Ct. 2557 (1982) (exhaustion not required before bringing 1983 action). The Court should therefore reject it if it reaches the issue.

The City believes the Sixth Circuit's decision in *Arnett v. Myers*, 281 F.3d 552 (6th Cir. 2002), supports its position. However, that case involved structures requiring registration under Tennessee law, as well as riparian rights, both allegedly taken *for*

---

[1] It finally got around to doing so in its Petition for a Writ of Certiorari.

*public use* by a regulatory agency. (*Id*. at 558-59) Therefore, the Just Compensation Clause of the Fifth Amendment was at issue and the ripeness argument had to be dealt with. Here there was no regulatory agency, no real property and no public use. The Sixth Circuit was therefore correct in holding that it had "no need to address the ripeness issue." And, for the same reason, the City's citation to *Williamson County Reg. Planning Commn. v. Hamilton Bank*, 473 U.S. 172 (1985), is inapposite, since that case also involved a Fifth Amendment taking for public use.

Petitioner's other sources of alleged conflict are similarly misapprehended. *Traweek v. City and County of San Francisco*, 920 F.2d 589 (9th Cir. 1990), is a pure Fifth Amendment case where, apparently, the landowners added counts involving substantive due process, equal protection, and procedural due process. Nothing in that case, or in any of the cases it cites, indicates that the Ninth Circuit requires citizens whose property has been destroyed according to a municipal policy to bring a state-court replevin action before filing a civil rights complaint.

Petitioner's other asserted authorities fall into the same category. *Wax 'n Works v. City of St. Paul*, 213 F.3d 1016 (8th Cir. 2000), was a case where "the City of St. Paul, Minnesota, exercised its power of eminent domain . . . with respect to the property where Wax 'n Works, a car detailing business, was located." *Id*. at 1018. *Flint Electric Membership Corp. v. Whitworth*, 68 F.3d 1309 (11th Cir. 1995), is neither a ripeness case nor an exhaustion case but rather purports to follow *Zinermon v. Burch*, 494 U.S. 113 (1990), by holding that "a procedural due process violation is not complete unless and until the State fails to provide due process. In other words, the State may cure a procedural deprivation by providing a later procedural remedy; only when the state

refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." 68 F.3d at 1313.  The City reads this as holding that the existence of a state tort remedy bars a 1983 claim for the destruction of property without notice and a hearing.  There is, however, no way to interpret the case as refusing to follow *Patsy*, *supra*, *sub silentio*.

*Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40 (1st Cir. 1994), involves the dispute, and ultimate split in the Circuits, as to whether the elements of a state-court malicious prosecution claim are sufficient for a 1983 action.  *See Albright v. Oliver*, 510 U.S. 266 (1994).  The *Perez* court noted that "neither their appellate brief nor their complaints identify the due process theory undergirding appellants' section 1983 malicious prosecution claim."  This case, therefore, does not have the slightest appearance of being in conflict with the action brought by Respondents herein or with the decision of the Sixth Circuit.  And the same is true for *New Burnham Prairie Homes, Inc. v. Village of Burnham*, 910 F.2d 1474 (7th Cir. 1990)  (random and unauthorized denial of building permit did not require pre-deprivation process), and *Brady v. Town of Colchester*, 863 F.2d 205 (2d Cir 1988) (failure to appeal zoning commission decision precluded procedural due process claim).

In short, the City cannot cite a single holding for its position, and does not distinguish the Supreme Court authority against it.  Its position is untenable and should be rejected.

## IV.  CONCLUSION

The City's motion to dismiss should be denied.

        Respectfully submitted,

/s/ *Stephen R. Felson*
Stephen R. Felson (0038432)
36 East 7th Street, Suite 1650
Cincinnati, Ohio 45202
(513) 721-2500

Robert B. Newman (0023484)
Lisa T. Meeks (0062074)
NEWMAN & MEEKS CO., LPA
617 Vine Street, Suite 1401
Cincinnati, Ohio 45202
(513) 639-7000

Trial Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

    I hereby certify that on October 27, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: upon **David T. Stevenson**, 230 E. Ninth St., Suite 4000, Cincinnati, Ohio, 45202, and upon **Richard Ganulin**, 801 Plum Street, Room 214, Cincinnati, Ohio, 45202.

        /s/ *Stephen R. Felson*