UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GERALD CASH, et al. | : | CASE NO. 1:01CV753 |
| Plaintiffs, | : | (Judge Beckwith) |
| v. | : | **CITY OF CINCINNATI'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION** |
| HAMILTON COUNTY DEPARTMENT OF ADULT PROBATION, et al. | : | |
| | : | |
| Defendants. | : | |

      The Sixth Circuit did not address the merits of the City's argument that the plaintiff's procedural due process claim is not ripe. The plaintiff admittedly failed to first avail himself of adequate state remedies. The very essence of a procedural due process claim is that there are no adequate state remedies. In 1990, the Supreme Court held that an alleged due process deprivation is not actionable and complete "unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). The Sixth Circuit believed that it had "no need to address the ripeness issue" because the Court mistakenly believed that the City had only argued that the plaintiff's now dismissed takings claim was not ripe. In fact, the City argued that the procedural due process issue was not ripe.

      The plaintiff responds to the jurisdictional issue by reference to the inapposite *Patsy v. Board of Regents*, 457 U.S. 496 (1982). *Patsy v. Board of Regents* held that a plaintiff did not have to exhaust administrative remedies prior to bringing an equal protection claim. By contrast,

as the Supreme Court later clarified in *Zinermon v. Burch*, an alleged due process claim requires that the judiciary "examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, <u>and any remedies for erroneous deprivations provided by statute or tort law</u>." 494 U.S. at 126 (emphasis added). *Hudson v. Palmer*, 468 U.S. 517 (1986), extended the reasoning of *Parratt v. Taylor*, 451 U.S. 527 (1981) (unintentional deprivations of property), to even intentional deprivations of property.

The required ripeness analysis necessarily relates to the substantive elements of a procedural due process cause of action. Since the plaintiff has not even availed himself of adequate state remedies ("Ohio law makes it clear that every individual has a right to his or her own personal property and may bring an action in replevin to protect that right." Appellants' [Plaintiffs'] Brief in the Sixth Circuit, p. 9, n. 6), his alleged procedural due process claim cannot be ripe. The City did not deprive the plaintiff of his adequate state remedy. He simply did not use it. The complaint should be dismissed for lack of jurisdiction.

Respectfully submitted,

JULIA L. McNEIL (0043535)


s/ Richard Ganulin
RICHARD GANULIN (0025642C)
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3329
(513) 352-1515 FAX
richard.ganulin@cincinnati-oh.gov

Trial counsel for defendant City of Cincinnati

## **CERTIFICATE OF SERVICE**

    I hereby certify on November 7, 2005 a true and accurate copy of the foregoing City of Cincinnati's Reply Memorandum in Support of Motion to Dismiss for Lack of Jurisdiction was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties by certified mailed who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                /s/Richard Ganulin  
                                                RICHARD GANULIN (0025642C)  
                                                Assistant City Solicitor

CashReplyMTD 1105-RG/(skj)