UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **GERALD CASH, et al.** | : | CASE NO. 1:01CV753 |
| Plaintiff, | : | (Judge Beckwith) |
| v. | : | CITY OF CINCINNATI'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| **HAMILTON COUNTY DEPARTMENT OF ADULT PROBATION, et al.** | : | |
| Defendants. | : | |
| | : | |

## I. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF JURISDICTION

The plaintiff did not establish his particular standing. His complaint and motion for summary judgment do not demonstrate that he suffered an injury in fact sufficient to confer standing on him to maintain his claims against the City of Cincinnati. There are no facts cognizable under Rule 56 that demonstrate that any of the plaintiff's constitutionally protected property[1] was even taken, much less unconstitutionally destroyed without due process of law. Furthermore, the City's Motion to Dismiss for Lack of Jurisdiction is pending. For the reasons expressed in that motion, the plaintiff's[2] procedural due process claim is not ripe. The Court consequently lacks jurisdiction and the Complaint should be dismissed.

---

[1] The Sixth Circuit summarily concluded: "There can be little doubt that the plaintiffs have a protected property interest in their own items of value." *Cash, et al. v. Hamilton County Department of Adult Probation, et al.*, 388 F.3d 539, 542 (6th Cir. 2005). The City disputes that unattended possessions without identification left by unlawful trespassers on public property are constitutionally protected but, nevertheless, a panel of the Sixth Circuit ruled otherwise.

[2] Only plaintiff Garcia responded to the City's Petition for Writ of Certiorari filed with the United States Supreme Court. A Suggestion of Death was filed in the Sixth Circuit on November 5, 2003, for the Cash plaintiffs.

## II. THE COURT DID NOT GRANT THE PLAINTIFF LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT OUT OF TIME

The Court's schedule for the filing of dispositive motions is past. The plaintiff did not seek leave to file his Motion for Partial Summary Judgment. The Motion should be denied as untimely.

## III. THE LAW OF THE CASE PRECLUDES THE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The Sixth Circuit already ruled: "In short, a genuine issue of material fact exists as to whether the property of homeless persons like the plaintiffs was being discarded as part of the City's official policy. The district court therefore erred in granting summary judgment to the City and County on the basis that the relevant testimony was uncontested." *Cash, et al. v. Hamilton County Department of Adult Probation, et al.*, 388 F.3d 539, 544 (6th Cir. 2004). The Sixth Circuit also ruled: "A genuine issue of material fact also exists over whether adequate notice was provided to homeless individuals like the plaintiffs." *Id*. The plaintiff is now barred from asserting that there is no genuine issue of material fact. That position is contrary to his position before the Sixth Circuit that there was a genuine issue of material fact, and contrary to the ruling of Sixth Circuit that there was a genuine issue of material fact. The plaintiff plainly argued to the Sixth Circuit: "Nevertheless, there was and is a genuine issue of fact regarding the existence of a City policy of destruction of property on homeless sites without notice and hearing." Sixth Circuit Brief of Plaintiffs-Appellants, p. 20.

In reality, however, the facts are uncontroverted that the cleanup activity that is the subject of this lawsuit resulted from an agreement between Hamilton County and the State of Ohio. The County had a contract with the State for cleanup of underpasses. Deposition of Jeffrey Smith, p. 22 (Field Supervisor for the Hamilton County Adult Probation Department,

Community Service). An Ohio Department of Transportation truck was used for the cleanup. *Id*., p. 8. Mr. Smith testified that there was only one cleanup in the year 2001. *Id*., pp. 15, 20. A City of Cincinnati police officer was "called by Hamilton County Probation and asked if I could assist them with traffic control . . . to protect the county truck." Deposition of Thomas Branigan, pp. 6-7. The County had received a call from the State to clean the underpasses owned by the State. *Id*., p. 7. Officer Branigan testified: "[T]he State of Ohio actually runs the contract for the Hamilton County Adult Probation Department where they'll provide them with trucks to clean up the areas or to have the debris from the side of the roadways thrown into if the county provides those—the State of Ohio with manpower." *Id*., p. 33. He added: "[T]here is a contract, and I know that for a fact, between Hamilton County Adult Probation Community Service Division and Ohio Department of Transportation." *Id*.

Officer Branigan "stayed in the car the majority of the time." *Id*., p. 16. This was the only time he "provid[ed] traffic safety for the county while they cleared it." *Id*., p. 23. When he encountered people at the cleanup sites, he "told them to get their stuff, whatever stuff they had, and to vacate there, and they weren't allowed to do what they were doing, they were trespassing on state property." *Id*. In response, the people packed their belongings. *Id*., pp. 16-18. He would let individuals take their belongings. *Id*., p. 35. A City sanitation truck removed the trash that was collected by the probationers. *Id*., p. 19.

Police Officer Branigan was not at the location where alleged belongings of plaintiff Garcia were taken. *Id*., p. 22. He knew that there was no involvement by any Cincinnati police officers prior to the involvement he had in October. *Id*., p. 25.

**IV.     THE PLAINTIFF WAS NOT DEPRIVED OF HIS RIGHT TO PROCEDURAL DUE PROCESS**

The City's previously filed Motion for Summary Judgment establishes that the plaintiff was not deprived of his right to procedural due process. The City incorporates by reference that motion and the supporting evidence. Moreover, the plaintiff's own Motion for Partial Summary Judgment does not even try to establish that his own property was taken by any employee of the City or destroyed by any employee of the City. In fact, Mr. Garcia's Motion fails to support his claim with any specific evidence that he was deprived of constitutionally protected property rights without due process of law. Nor, as discussed below, did the plaintiff present any evidence sufficient to establish that the City of Cincinnati as a municipal corporation was the "moving force" behind his alleged deprivation. The Sixth Circuit Brief of Plaintiffs-Appellants similarly has no factual assertions in support of Mr. Garcia's own claim. Brief, pp. 4-7. In his Motion for Partial Summary Judgment (pp. 2-3), the plaintiff refers to County testimony that a Cincinnati police officer directed the cleanup activities of County employees at an unspecified time and place in October. He also refers to testimony that a police officer was present for cleanup under the Sixth Street bridge. *Id.*, p. 4. There is no evidence before the Court, however, that the plaintiff's property was destroyed or that the City of Cincinnati was the "moving force" that proximately caused the destruction.

**V.     THE EVIDENCE DEMONSTRATES THAT THE CITY DID NOT HAVE AN UNCONSTITUTIONAL POLICY OR CUSTOM THAT PROXIMATELY CAUSED A DEPRIVATION OF THE PLAINTIFF'S RIGHT TO PROCEDURAL DUE PROCESS**

Since the plaintiff was not deprived of a constitutional right, the City cannot be liable. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001). The City cannot have *respondeat superior* liability for the

plaintiff's procedural due process claim. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978). Furthermore, the City's previously filed Motion for Summary Judgment establishes that the City did not have an unconstitutional policy or custom that proximately caused a deprivation of the plaintiff's right to procedural due process. The City incorporates by reference that motion and the supporting evidence. At a minimum, that evidence creates a genuine issue of material fact concerning the plaintiff's procedural due process claim sufficient to require that the plaintiff's Motion for Partial Summary Judgment be denied.

      The location of the alleged destruction of the plaintiff's possessions was on property owned by the State of Ohio. In his Sixth Circuit Brief of Plaintiffs-Appellants (p.2), the plaintiff admitted: "The cleanup activities which are the subject of this lawsuit took place on property belonging to the Ohio Department of Transportation." He further admitted that Hamilton County supplies the labor for the cleanup activities. *Id*., pp. 2-3. The plaintiff asserted that a County employee "has been overseeing these cleanup jobs for ten years." *Id*., p. 3.

      As this Court recognized in its Order dated June 24, 2003, "the [Hamilton County] probationers are instructed to separate personal belongings from trash." This Court further acknowledged that the plaintiff has "adequate state post-deprivation remedies available for property withheld or destroyed in the form of a replevin action against the City and/or the County." In its Order, this Court also recognized that the evidence established that there was a substantial overlap between the items listed by the plaintiff in the amended complaint and the items logged into the police property room at the relevant time. This Court emphasized: "[T]here is a substantial question as to whether Plaintiffs have carried their burden of demonstrating an actual deprivation of property at the hands of the City." For the sole remaining plaintiff, there is no evidence whatsoever that he was actually deprived of property at the hands

of the City. The Court also held that, even assuming the plaintiff's property was destroyed by unspecified police officers, "notice by publication is sufficient . . . ."

In any event, the plaintiff did not adduce any evidence that the City of Cincinnati had an unconstitutional policy or custom, within the meaning of the law, that proximately caused injury to him. The record reflects:

> The department's policy is and the policy that I follow is if I find property and there's nobody there next to it that says, that's mine, I then take that property, take it to the police - back to the district, log it into the property log and hold it as found property. If somebody claims the property within - whatever proper amount of time, then they can have it back, proving that - you know, that they can identify that stuff.

Deposition of Police Officer Branigan, pp. 35-36. Officer Branigan added: "If you find property of value, you take it [to the Police Department], you hold it, send it in. It's of no value to me, but it might be of value to somebody else." *Id*., p. 37. The City's Motion for Summary Judgment further provided Cincinnati Police Department Procedures (Exhibits D and E to the motion). The deposition testimony of Police Officer Boertlein describes the procedures for the Police Department property room. Deposition of Officer Boertlein. Police Officer Prem verified that generally "[p]ersonal property, if that was located, that was tagged and sent to the property room." Deposition of Officer Prem, p. 12. Officer Prem corroborated: "That was the procedure for anything of value, personal property where you didn't know where or couldn't locate the owner, you tag it as property found and sent it to the property room." *Id*., p. 53.

The plaintiff even admitted that Cincinnati police officers followed a policy of taking property back to the station. Plaintiff's Motion, p. 6. He further argued that "the [Hamilton County] adult probationers come with the trucks and compactors, "bag it [what they find] up and toss it in the trucks." *Id*. The plaintiff conceded that Cincinnati Police Officer Prem testified

6

that "community service probationers were instructed to give the supervising police officers 'anything of value . . . and we'd take care of that.'" *Id.*, n. 2.

## VI. THE CITY DID NOT HAVE AN UNCONSTITITONAL POLICY OF FAILING TO PROVIDE NOTICE SATISFYING DUE PROCESS REQUIREMENTS

The Sixth Circuit directed this Court to again determine whether, under the circumstances, the City's policy of following the notice procedures mandated by the Ohio Revised Code satisfied due process requirements. This Court described those statutory notice procedures in its Order, emphasizing that the City's procedures specifically incorporate the Ohio statutes, R.C. 2933.41 ("Disposition of property held by law enforcement agency") and R.C. 737.29, *et seq.* ("Property recovered by police"), including R.C. 737.32 ("Sale of unclaimed property"). The plaintiff offers no argument or authority for his implicit assertion that the City of Cincinnati had an unconstitutional policy or custom of destroying property that proximately caused injury to him. This Court previously concluded:

> Plaintiffs, as homeless persons, are by definition not readily identified or located by government officials. They have no fixed location where they might be readily found by the government or to where specific notice might be sent or posted. The items collected by the police department are mostly generic things, such as clothes, which do not lend themselves to being traced back to the owner. Therefore, the Court finds that notice by publication is sufficient, under the circumstances of this case, to apprise Plaintiffs of the disposition of their belongings.

This Court previously determined that the City's procedures were constitutional. In the case at bar, the identity of the trespassing plaintiff was not known and his possessions did not have identification. The City's policies as reflected in the record, incorporating State of Ohio statutory procedures, were not unconstitutional

## VII. CONCLUSION

For the foregoing reasons, the plaintiff's Motion for Partial Summary Judgment should be denied.

Respectfully submitted,

JULIA L. McNEIL (0043535)

s/ Richard Ganulin
RICHARD GANULIN (0025642C)
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3329
(513) 352-1515 FAX
richard.ganulin@cincinnati-oh.gov

Trial counsel for defendant City of Cincinnati

## CERTIFICATE OF SERVICE

I hereby certify on December 2, 2005 a true and accurate copy of the foregoing City of Cincinnati's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties by certified mailed who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Richard Ganulin
RICHARD GANULIN (0025642C)
Assistant City Solicitor

Cash Memo in Opp 1205-RG/(skj)