IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GERALD CASH, *et al.*, | : | Case No. 1:01cv753 |
| Plaintiffs, | : | (J. Beckwith; Mag. J. Sherman) |
| v. | : | REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT CITY OF CINCINNATI |
| HAMILTON COUNTY DEPARTMENT OF PROBATION, *et al.*, | : | |
| Defendants. | : | |

**INTRODUCTION**

In Plaintiffs' Main Memorandum they argued that there is sufficient uncontested evidence on each of the two remand points to compel summary judgment in their favor. First, the overwhelming testimony taken before the appeal demonstrates that the City's official policy is to discard the property of homeless persons without notice or a hearing. (Doc. 46, Plaintiffs' Memo. at 2-6)  Second, Plaintiffs argued that even if there remained a meaningful dispute as to whether their property was destroyed or merely impounded, the City gave no notice in either case, so that issue was therefore ripe for decision. (*Id*. at 7-9)

The City counters these arguments as follows:

 I.  There is only a single Plaintiff left in this case and he did not establish that he has standing to bring this action. (Doc. 53, City Memo. in Opp., at 1)

 II.  Plaintiffs' motion cannot be considered because they did not seek leave to file it. (*Id*. at 2)

 III.  The law of the case precludes this Court from granting summary judgment. (*Id*. at 2-3)

   IV.  One of the Plaintiffs is not entitled to summary judgment because he "does not even try to establish that his own property was taken by any employee of the City or destroyed by any employee of the City." (*Id*. at 4)

   V.  The City did not have an unconstitutional policy or custom. (*Id*. at 4-7)

   VI.  The City did not have an unconstitutional policy of failing to provide notice.  (*Id*. at 7)

Plaintiffs will respond in the same order.

I.  WHETHER THE CITY'S ARGUMENT IS BASED UPON LACK OF STANDING OR LACK OF JURISDICTION, THE UNCONTESTED FACTUAL RECORD CLEARLY PERMITS ALL PLAINTIFFS TO GO FORWARD WITH THIS CASE.

  The caption of the City's first and thus apparently its strongest argument uses the term "jurisdiction" and then mentions that its motion to dismiss for lack of jurisdiction is pending.  It seems to be incorporating the argument from that document into this memorandum.  To the extent this is true, Plaintiffs incorporate their own opposition to that motion (doc. 49) into this reply memorandum pursuant to Rule 10(c), Fed. R. Civ. P.

  However, the City also uses the word "standing" in this section of its memorandum, arguing that "there are no facts cognizable under Rule 56 that demonstrate that any of the plaintiff's [sic] constitutionally protected property was even taken, much less unconstitutionally destroyed without due process of law."  (Doc. 53, Memo. in Opp. at 1)  The Court should reject this argument.  First, the City concedes that the Sixth Circuit ruled otherwise.  (*Id*., n. 1)  Second, Plaintiffs' affidavits and/or declarations already on record in this case make it clear that they were deprived of property without notice (see doc. 32), and the City has not offered any counter affidavits either before or after remand.

For these reasons, the City has neither a jurisdictional nor a standing argument with which to oppose summary judgment.

II. PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, FILED IN THE ABSENCE OF A CONTROLLING SCHEDULING ORDER, CANNOT BE CONSIDERED OUT OF TIME.

The City had no problem filing its own motion to dismiss without a scheduling order, but attacks Plaintiffs for filing a similar motion. As in all of its arguments the City presents neither authority nor reasoning for its position. The argument has no merit on its face and should be rejected.

III. IN REJECTING SUMMARY JUDGMENT IN FAVOR OF THE CITY, THE SIXTH CIRCUIT DID NOT PRECLUDE SUMMARY JUDGMENT IN FAVOR OF PLAINTIFFS SINCE THAT ISSUE WAS NOT BEFORE IT.

Before the appeal the City moved for summary judgment but Plaintiffs did not. Thus, on appeal, all Plaintiffs had to do was convince the Sixth Circuit that the *moving party*, the City, had failed to meet the standards of Rule 56 and was thus not entitled to summary judgment. This Plaintiffs accomplished. However, no one argued to the Court of Appeals whether Plaintiffs' evidence that their property "was being discarded as part of the City's official policy" was sufficient to obtain summary judgment on that issue. Similarly, no one argued whether Plaintiffs were entitled to summary judgment regarding the notice issue. Plaintiffs' current motion puts these two Rule 56 questions before the Court for the first time.

This being the case, Plaintiffs could hardly have objected if the City had demanded the right to present new evidence. It has chosen not to do so. The Court should therefore examine these issues on the record before it, as Rule 56 requires.

Moreover, the law of the case doctrine has no application to these issues. "In determining what the trial court may consider on remand, this Court observed that, as

with all applications of the law-of-the-case doctrine, the trial court may consider those issues not decided expressly or impliedly by the appellate court or a previous trial court." *McKenzie v. BellSouth Telecommunications, Inc.*, 219 F.3d 508, 513 (6th Cir. 2000). As noted above, not having before it a summary judgment motion on behalf of Plaintiff, the Court of Appeals could not, even impliedly, have decided in a definitive fashion that either or both of Plaintiffs' positions failed to meet the standards of Rule 56. That can only be decided by this Court on remand, with all the legal and factual arguments before it. Plaintiffs therefore reiterate the arguments in their main memorandum: The factual evidence in the record demonstrates without doubt that (a) the City's official policy is to discard homeless persons' property without notice or a hearing, and (b) the City in any event gave no notice in this case.

IV. SINCE THE CITY HAS NOT FULFILLED ITS DUTY AS THE NON-MOVING PARTY TO PRESENT SWORN EVIDENCE WHICH RAISES A GENUINE ISSUE OF MATERIAL FACT, SUMMARY JUDGMENT FOR PLAINTIFFS IS PROPER.

In Part B(1) of their Main Memorandum, Plaintiffs presented three pages of sworn testimony backing up their claim that the City of Cincinnati had an official policy of discarding the property of homeless persons without notice or a hearing. (Doc. 46, Motion at 2-6) Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, *must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party*.

(Emphasis added.) The City has not done so. The demonstrated policy must therefore be taken as established for purposes of Plaintiffs' motion.

The City does appear to raise a causation argument when it says (without pointing out any portion of the record) that "there is no evidence before the Court . . . that the City of Cincinnati was the 'moving force' that proximately caused the destruction." (Doc. 53, Memo. in Opp. at 4) However, Jeffrey Smith testified under oath that the City's standard procedure was to "put all the stuff in bags" and then "put them into a truck." (Smith Depo., filed 5/23/02, p. 11) Mr. Smith went on to state that he had "never observed a Cincinnati police officer segregating any of this material and saying that anything should be saved." (*Id*.) Thus, all property picked up at these sites is "hauled off to the trash, to the dump." (*Id*. at 14) And both Officer Branigan and Officer Prem, who had the chance to contradict this testimony, confirmed it. (Doc. 46, Plaintiffs' Motion at 4-5) It is hard to imagine a set of facts more likely to cause destruction of property. The City does not offer another candidate upon which to lay the blame for the destruction of Plaintiffs' property. The fault lies in its own policies and nowhere else – ordering property to be taken to the dump is bound to cause of the destruction of that property. Absent any contrary argument on the City's part, proximate cause should be held established as a matter of law.

V. THE CITY CANNOT RELY ON THE POLICY DECISION OF THIS COURT FOLLOWING A REVERSAL BY THE SIXTH CIRCUIT.

In order to demonstrate as a matter of law that it was not the City's policy which was responsible for the deprivation of the Plaintiffs' property without a hearing, the City cites this Court's order dated June 24, 2003, and the testimony of Officer Branigan as to what the City does with found property as a general rule. (Doc. 53, City Memo. in Opp. at 5-6) However, the Sixth Circuit did not accept the reasoning of this Court on appeal, nor did it credit the City's testimony as supporting summary judgment in favor of that

party.  Now, with a chance to supplement its position the City has stood back and relied upon the same testimony, such as what it does with property found on Fountain Square, a policy argument squarely rejected by the Sixth Circuit for homeless sites.  388 F.3d at 544.  The uncontested testimony before this Court with regard to homeless property is set forth above – at the instruction of the City, the adult probationers come in with trucks and compactors, "bag it [what they find] up and toss it in the trucks."  (Smith Depo. at 7-8)  The City's position has been rejected once already and it has offered nothing new.  It cannot prevent summary judgment on this ground.

VI.  THE CITY'S HALF-HEARTED ARGUMENT CONCERNING ITS UNCONSTITUTIONAL POLICY CAN HAVE NO EFFECT AFTER THE REVERSAL BY THE SIXTH CIRCUIT.

It is not clear what the City is arguing here (doc. 53, Memo. at 7) except that it would like to have this Court reiterate its former opinion without appellate interference.  Since the City has declined to present evidence that it published notice of having found Plaintiffs' property, while Plaintiffs presented voluminous evidence concerning their attempts to find their property (see doc. 46, Motion at 8-10), this point no longer needs to be tried.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Partial Summary Judgment Against Defendant City of Cincinnati should be granted.

Respectfully submitted,

/s/ *Stephen R. Felson*
Stephen R. Felson (0038432)
617 Vine Street, Suite 1401
Cincinnati, Ohio  45202
(513) 721-4900
(513) 639-7011 (fax)
SteveF8953@aol.com

Robert B. Newman (0023484)
Lisa T. Meeks (0062074)
NEWMAN & MEEKS CO., LPA
617 Vine Street, Suite 1401
Cincinnati, Ohio  45202
(513) 639-7000
(513) 639-7011 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  upon **David T. Stevenson**, 230 E. Ninth St., Suite 4000, Cincinnati, Ohio, 45202, and upon **Richard Ganulin**, 801 Plum Street, Room 214, Cincinnati, Ohio, 45202.

/s/ *Stephen R. Felson*