**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO - WESTERN DIVISION**

| | | |
|---|---|---|
| GERALD CASH, *et al.* | : | Case No. C-1-01-753 |
| | : | |
| Plaintiffs, | : | (Honorable Sandra S. Beckwith) |
| | : | |
| v. | : | AFFIDAVIT OF MICHAEL L. WALTON, |
| | : | CHIEF PROBATION OFFICER IN |
| HAMILTON COUNTY DEPT. OF ADULT | : | SUPPORT OF MOTION FOR SUMMARY |
| PROBATION, *et al.* | : | JUDGMENT |
| | : | |
| Defendants | : | |

COUNTY OF HAMILTON )
                  )
STATE OF OHIO        )   SS:

## AFFIDAVIT

1.   My name is Michael L. Walton. I am an attorney licensed to practice law in the State of
     Ohio. I am currently employed by the Hamilton County Court of Common Pleas and the
     Hamilton County Municipal Court as Court Administrator. In that capacity, I also serve
     as the Chief Probation Officer for both courts. I was appointed Court Administrator (for
     both Courts) on February 27, 1995. I became the Chief Probation Officer for both Courts
     on August 6, 2001.

2.   In these positions, I serve at the pleasure of the courts. I am responsible solely to the
     courts and can be removed as the Court Administrator of either or both at any time. As
     Chief Probation Officer, I can be removed by either or both of the courts by which I am
     employed in this capacity at any time.

3.   What has been referred to as the Hamilton County Department of Probation is organized
     into separate divisions. The Common Pleas Division serves the Court of Common Pleas,
     and the Municipal Division serves the Municipal Court. The Courts are the appointing
     authority for the probation officers that serve their respective courts. All of the probation

Page 1 of 3

officers who serve the respective courts are paid as employees of Hamilton County. The probation officers of the Common Division are classified employees in the civil service of Hamilton County. The probation officers in the Municipal Division serve at the pleasure of the Municipal Court. All promotions and discipline of probation officers within both divisions is done by the Courts that they serve.    The Board of County Commissioners of Hamilton County has no responsibility or control over the operation of the divisions of the department. Likewise, in my capacity as Court Administrator and Chief Probation Officer, I have no role in setting policies and procedures for Hamilton County. The policies and procedures of each division of the probation department are established by the Courts without input from the Board of County Commissioners and are combined into a single employee manual. The probation officers and I, as Chief Probation Officer answer solely to the Courts. The powers and duties of the probation officers within both divisions are governed by state law and are found primarily within Revised Code Titles 19, 23 and 29. The Mission Statement of the Hamilton County Probation Department and a description of the powers and duties of it probation officers are found within the Policy and Procedure Manual of the department. The sections of the manual describing these matters is attached hereto as Exhibit 1.

4. Funding for the department is provided primarily by Hamilton County in the same manner as funding is provided for the Courts.

5. Neither the Courts nor the divisions of the probation department have any power or authority under state law to enter into contracts. Contracts which require the payment or receipt of funds for services rendered for the benefit of the Courts and the Probation Department are entered into by the Board of County Commissioners.

6. At the time of the events that are relevant to Plaintiffs' claims in this matter, all community was performed under the direction of the Municipal Division. The requirements of the community service program are attached hereto as Exhibit 2.

7. Under state law, no probationer may be ordered to complete community service for a community, unit of local government, or non-profit organization without the agreement of the community, unit of local government, or non-profit organization. During the time period relevant to Plaintiffs' claims in this matter, such services were provided to the City

Page 2 of 3

of Cincinnati and others. The City provided funding for these services to defray the cost of the work crew supervisors through a contract with the Board of County Commissioners of Hamilton County, Ohio. A copy of the agreement for the relevant time period is attached as Exhibit 3.

8.    On November 13, 2001, I issued the Directive attached as Exhibit 4.

9.    I have personal knowledge of the matters to which I have sworn in this affidavit.

Michael L. Walton
*Court Administrator and Chief Probation
Officer, Hamilton County Common Pleas
and Municipal Courts*

Sworn and subscribed in my presence on this 20th day of July, 2006.

LAURIE McINERNEY
Notary Public, State of Ohio
My Commission Expires 02-17-09

NOTARY PUBLIC



**HAMILTON COUNTY PROBATION DEPARTMENT**

**POLICY AND PROCEDURE MANUAL**

SUBJECT:   **MISSION STATEMENT**                    **NO:   III**

DATE EFFECTIVE: **5/8/90**                           REPLACES: N/A

The Probation Department is established by statutory authority of the State of Ohio **(Section 23027, O.R.C.).** The mission of probation is twofold. It is to protect the community from criminal activity by reducing the incidence and impact of crime by probationers and to assist the probationer in altering the behavior pattern that led to involvement in the Criminal Justice System. The operating philosophy of the Probation Department embraces the concepts of restraint, punishment, rehabilitation, deterrence and life skills development.

The core services of probation are to provide investigative reports designed to assist the Judges of the Court in arriving at appropriate dispositions for adult offenders, enforce all court orders and to supervise those persons placed on probation.

The Probation Department, in fulfilling its mission, provides a broad range of services including, but not limited to, crime deterrence, victim compensation, intern/volunteer programs, treatment referral, collection of monies, i.e., costs, fines, and restitution, etc., educating the public about the role of probation and the development of life skills for the probationer. The particular focus of probation is determined on an individual basis.

The Hamilton County Probation Department is accountable for all of its actions to the Court Administrator, Judges of the Courts, and the citizens of Hamilton County.

  Probation is premised upon the following beliefs:

1) Society has a right to be protected from persons who cause its members harm, regardless of the reasons for such harm.

2) All of the rights of victims of crime must be protected.

3) Offenders have constitutional rights, which must be protected.

4) Human beings are capable of change.

5) Offenders vary in their capacity or willingness to benefit from measures designed to produce law-abiding citizens.

6) Intervention in an offender's life should be the minimal amount needed to protect society and promote law-abiding behavior.

7) Penal institutions serve as a legitimate alternative to probation for those offenders who need a more restrictive setting.

8) When the public is safeguarded, offenders are best served through community
correctional programs.

## HAMILTON COUNTY PROBATION DEPARTMENT

## POLICY AND POLICY MANUAL

SUBJECT:  **AUTHORITY OF THE HAMILTON COUNTY**          NO:   **1000**
          **PROBATION DEPARTMENT**

DATE EFFECTIVE:  **5/8/90**                              REPLACES: N/A

### POLICY:

The Hamilton County Probation Department is a statutorily established agency with diverse
responsibilities. These responsibilities are specified through pronouncements from three major
sources: The Ohio Revised Code, and the Municipal and Common Pleas Court of Hamilton
County. The authority of the department and its officers to carry out those responsibilities is
granted in specific sections of the Ohio Revised Code. The Hamilton County Probation
Department, through its employees, fulfills these responsibilities with vigor and it is the policy of
this Department to use the full extent of its statutory authority to complete this task.

**PROCEDURE:**

**COMMON PLEAS DIVISION**

1) The Common Pleas Division of the Hamilton County Probation Department is established through authority granted in **Section 2301.27** of the **Ohio Revised Code** which states, in pertinent part: "The Court of Common Pleas may establish a County Department of Probation. The establishment of such department shall be entered in the journal of said court and the clerk of the Court of Common Pleas shall thereupon certify a copy of such order to each elective officer and board of the county. Such department shall consist of a chief probation officer, and such number of other probation officers and employees and clerks, and stenographers, as are fixed from time to time by the court. The court shall make such appointments, fix the salaries of appointees, and supervise the work of appointees. No person shall be appointed as a probation officer who does not possess such training, experience, and other qualifications as prescribed by the Adult Parole Authority created by **Section 5149.02** of the **Ohio Revised Code.** All positions within such department of probation shall be in the classified service of the civil service of the county.

    Probation officers shall, in addition to their respective salaries, receive necessary and reasonable compensation, traveling expenses and other expenses incurred in the performance of their duties. Such salaries and expenses shall be paid monthly from the county treasury in the same manner provided for the payment of the compensation of appointees of the Court."

2) The Common Pleas Probation Officer is a statutory officer whose authority is thusly granted by the following Sections of the Ohio Revised Code: 2301.27; 2301.28; 2301.29; 2301.30; 2301.31; 2301.32; 2951.02; 2951.03; 2951.04; 2951.41; 2951.05; 2951.07; 2951.08; 2951.09; 2951.13 and 2901. 01.

3) Common Pleas Probation Officers are considered to be special appointed enforcement officers under **Section 2091.02 (K) (2)** of the **Ohio Revised Code** and are granted the power to arrest probationers by **Section 2951.08** of the **Ohio Revised Code.**

4) The scope of the authority of the Common Pleas Probation Officer is limited to the enforcement of the laws of the State of Ohio as they pertain to persons placed on probation in this state, and to persons supervised under the Interstate Compact Act as outlined in **Section 5149.17** of the **Ohio Revised Code.**

5) Common Pleas Probation Officers are, by statute, in the classified service of the Civil Service of Hamilton County, Ohio. **[REF 2301.27]**

## MUNICIPAL DIVISION

1) The Municipal Court Division of the Hamilton County Probation Department is established through authority granted in **Section 1091.33** of the **Ohio Revised Code** which states, in pertinent part:

"The judge or judges of a Municipal Court may appoint one or more interpreters, one or more psychiatrists, one or more probation officers, and an assignment commissioner and deputy assignment commissioners, each of whom shall receive such compensation as the legislative authority prescribes, except that in the Hamilton County Municipal Court they shall receive such compensation out of the treasury of Hamilton County as the board of county commissioner prescribes. Probation officers have all the powers of regular police officers and shall perform such duties as are designated by the judge or judges of the court."

2) The Municipal Court Probation Officer is a statutory officer whose authority is thusly granted in the following **Sections of the Ohio Revised Code:** 1901.33; 2951.02; 2951.04; 2951.041; 2951.05; 2951.06; 2951.07; 2951.08; 2951.09; 2951.13 and 2901.01.

3) Municipal Court Probation Officers are considered to be law enforcement officers under **Section 2901.01 (K)** of the **Ohio Revised Code.** Said officers are also specifically granted all the powers of regular police officers under **Section 1091.33** of the **Ohio Revised Code** (See **(B)** (1) above).

4) The scope of the authority of the Municipal Court Probation Officer is limited to the enforcement of the laws of the State of Ohio as they pertain to persons placed on probation in this State.

5) Municipal Court Probation Officers are appointed at the pleasure of the Judges of the Hamilton County Municipal Court.

## HAMILTON COUNTY PROBATION DEPARTMENT

### POLICY AND PROCEDURE MANUAL

SUBJECT:    **TIMES CONSIDERED AS ON DUTY**          **NO:    1001**

DATE EFFECTIVE: **5/8/90**                                   REPLACES: N/A

**POLICY:**

Personnel of the Hamilton County Probation Department are subject to duty 24 hours a day, seven days a week. Duty consists of all activities which are a direct result of employment with that agency. Many legal immunities and benefits available to employees are subject to whether the employee is acting within the scope of his or her duties. The definition of duty, therefore, is necessary to determine eligibility for Workers Compensation, injury pay for correctional employees, certain insurance benefits, etc.

**PROCEDURE:**

1) All employees must work, and therefore, be on duty a minimum of 35 hours per week, unless:

    a) There is a legally recognized holiday, which will reduce the work week to 28 hours.

    b) The employee is on authorized leave, including vacation, personal leave, sick leave, leave without pay, etc.

    c) The employee is taking compensatory time with permission of the immediate supervisor and approval of the Assistant Chief.

2) Normal working hours are seven hours per day, Monday through Friday, excepting

    a) situations cited in **Section 1,**

    b) A change or assignment of hours **approved by immediate supervisor**, or the Chief Probation Officer, or the Court.

3) An employee is considered to be on duty in the following circumstances:

    a) during assigned working hours,

    b) during working hours ordered by the immediate supervisor, Chief Probation Officer, or the Court,

    c) whenever in face-to-face contact with a defendant under pre-sentence investigation or other Court ordered evaluation,

    d) whenever in face-to-face contact with another person and a defendant, where probation is being discussed or is the cause of any confrontation,

    e) traveling to or from a pre-planned face-to-face contact or meeting during other than assigned working hours,

    f) whenever a probation department situation requires immediate, significant action.

4) Documentation

    a)   Whenever an officer is on duty, other than normal working hours as defined in **Section III,**

        1)   The monthly status and scheduling sheets shall contain the time the officer was on duty and the name(s) of the contact(s) **(see PMIS Section J-30401).**

        2)   In the case of persons under pre-sentence investigation, the file shall contain the date, location, and the name(s) of the person(s) contacted.

    b)   Whenever an employee, who is **not** classified as an officer, is on duty outside normal working hours, permission must be granted by a Unit Supervisor, **prior** to the time worked.

**HAMILTON COUNTY PROBATION DEPARTMENT**

**POLICY AND PROCEDURE MANUAL**

SUBJECT: **DUTY - DEFINITION OF THE PROBATION**      NO: 1002
             **OFFICER'S DUTY**

DATE EFFECTIVE: **5/8/90**                REPLACES: N/A

**POLICY:**

Probation officers are statutory officers whose office and authority are established by state law, and whose primary responsibility and duty is to the court. The officer is a professional who shall conduct himself according to court mandates, departmental policy, and sound discretionary judgment.

**PROCEDURE:**

1) A probation officer's primary **duty** is to the court.

    a) Orders from the court shall be explicitly followed.

    b) An officer shall never withhold essential information from the court.

    c) An officer shall never submit to the court a recommendation that is contrary to law.

    d) If a court order conflicts with any departmental policy, the situation shall be immediately brought to the attention of the Division Assistant Chief Probation Officer for clarification and any changes must be approved by the Chief Probation Officer.

    e) A pre-sentence report may not be disclosed to any third party without the express (written) permission of the Judge of Record. Said permission will be secured by the Chief Probation Officer **(See Confidentiality Policy, No. 1015).**

2) A probation officer may have a duty to warn a third party when, based on a probationer's known criminal background and past conduct, the officer can "reasonably foresee" the prospect of harm to a **specific** third party (person).

To more clearly delineate "reasonably foresee": when the probation officer receives specific information from a reliable source about, or the circumstances of the relationship between the probationer and the third party suggest that the probationer may engage in criminal behavior similar to his past conduct against this third party.

    a) Each officer should evaluate and verify all available information to determine if a probationer represents a reasonably foreseeable risk of physical or economic harm to a foreseeable, specific third party.

    b) If a probation officer identifies such a foreseeable, specific third party and a

foreseeable risk to that party, the officer must consult with their supervisor or the Assistant Chief Probation Officer to determine what corrective or preventive steps to take.

c) All steps taken in reference to this section shall be documented in writing by the probation officer, signed by the supervisor and placed in the case file.

3) Probation officers have a duty to follow the policies and procedures of the Hamilton County Probation Department.

a) Deviation from the policies and procedures must be approved by the unit supervisor and, if the unit supervisor deems it necessary, by the Division Assistant Chief Probation Officer.

b) Due to the changing nature of probation work, there may be times when a probation officer must operate without the guidance of a written Policy and Procedure. When this occurs the probation officer shall use their best judgment, based on all available information and professional experience, to deal with such a situation.

c) When forced to deal with a situation not specified in this manual, a probation officer, whenever possible, should staff the situation with a unit supervisor or Division Assistant

Chief Probation Officer prior to taking action. When neither a unit supervisor nor Assistant Chief Probation Officer is available and the situation calls for immediate action, the probation officer shall take the necessary action in the manner defined in (3b) above and notify the unit supervisor as soon as possible of action taken.

**HAMILTON COUNTY PROBATION DEPARTMENT**

**POLICY AND PROCEDURE MANUAL**

SUBJECT:   **CODE OF ETHICS**                    **NO:   1005**



**HAMILTON COUNTY PROBATION DEPARTMENT**

**POLICY AND PROCEDURE MANUAL**

SUBJECT:  **COMMUNITY ALTERNATIVE PROBATION**          NO:   **4035**
              **PROGRAM (C.A.P.P.)**

DATE EFFECTIVE: **5/8/90**                                    REPLACES: N/A

**POLICY:**

C.A.P.P. is to provide supervision of convicted offenders referred by the Court who have been ordered to perform services to the community. The C.A.P.P. Program operates under the direction of the Hamilton County Probation Department and has three major objectives. The **first objective** is to offer the Judges of the Hamilton County Court a responsible alternative to the traditional dispositions of jail, prison and fines. The **second goal** of C.A.P.P. is to help reduce the population of offenders at the Hamilton County Justice Center. **Lastly,** it is hoped that this generated labor force would be available to perform a variety of community service activities for units of local government and non-profit organizations within Hamilton County.

**PROCEDURE:**

An individual is eligible for C.A.P.P. Program if he meets the following guidelines:
   a) Age 18
   b) Non-violent misdemeanor offenders or non-violent first time felony offenders
   c) Individuals with no extensive or obvious mental, alcohol or drug related problems which interfere with the offender's ability to work. At sentencing, community service is ordered by the judge as a condition of probation and a specified number of community service hours as ordered. It should be noted that the present Ohio State Statute limits community service sentencing for misdemeanors to 200 hours. There is currently no legislation which limits the number of community service hours for felony offenders.

The assigned probation officer will call the C.A.P.P. office for an appointment for the probationer (Common Pleas officers must complete a C.A.P.P. referral form) and forward the original file to C.A.P.P. The individual is then interviewed by C.A.P.P. personnel to determine the appropriate placement.

Individuals are screened as to work skills, general health, access to transportation, education, availability of child care and other considerations that would affect work assignments. The original file will be returned upon completion of a duplicate file.

Once a community service worker has been evaluated, the individual is assigned to one of the two components of the program: **INDIVIDUAL PLACEMENT** at a nonprofit or governmental agency or supervised **WORK CREW PLACEMENT** in the community.

## INDIVIDUAL PLACEMENT

Individual placements are primarily designed for those persons who possess the work ethic and skills which can be effectively utilized by community agencies without close supervision. Community placement agencies are required to provide minimal supervision to the individuals who are placed with them. They also are required to provide written feedback on each performance to the C.A.P.P. Program staff.

The individual placement component in the program has utilized nonprofit or governmental agencies to create a variety of specialized work assignments for program participants.

## WORK CREW

Work crew placement consists of supervised work crews which operate both during the regular workweek and weekend. The work crew component is designed for those individuals who have limited skills, a minimal work history, and require supervision while on the job.

C.A.P.P. work crew supervisors provide on the job supervision at work sites. Crews can be provided to any agency that will offer supervision on that given day.

Transportation to and from the work site will be arranged by the C.A.P.P. Program.

C.A.P.P. will notify the supervising officer as to the probationer's compliance or noncompliance. In the case of noncompliance probationers, the supervising officer, upon receipt of written documentation from C.A.P.P., will issue a complaint alleging Probation Violation.   When appropriate the probationer will be cited to court. **(See Violation Procedures No. 3007).**

# AGREEMENT

This Agreement is made and entered into on this ⟨ ⟩ day of ⟨ ⟩, 2001 by and between the City of Cincinnati, Ohio hereinafter referred to as "City" and the Board of County Commissioners, Hamilton County, Ohio for the Hamilton County Adult Probation Department, hereinafter referred to as "Service Provider".

**WITNESSETH:**

**WHEREAS,** the City desires to engage the services of the Service Provider to help clean the downtown area; and

**WHEREAS,** the services to be provided are professional and non-competitive in nature; now, therefore.

**FOR AND IN CONSIDERATION** of the promises and covenants herein contained, the parties do mutually agree as follows:

## SECTION 1.  SCOPE OF SERVICES

The Service Provider shall, in a satisfactory and proper manner, as determined by the Superintendent of Neighborhood Operations Division of the City of Cincinnati, perform all the necessary services under this Agreement and as set forth in Exhibit "A" in connection with the general litter collection and ground maintenance of city owned lots through the City of Cincinnati area and as directed by the Neighborhood Operations Division of the City of Cincinnati.

## SECTION 2.  TERMS

2



The services of the Service Provider are for the period effective July 1, 2001 and ending

June 30, 2002.

## SECTION 3. COMPENSATION AND METHOD OF PAYMENT

### A.    Compensation

(1) The City agrees to pay the Service Provider compensation in an amount not to exceed

Thirty Thousand Nine Hundred Forty Four Dollars and Eighty Cents ($30,944.80 as

full and complete payment for Service Provider's services, in accordance with the

budget attached hereto, marked Exhibit B, and by this reference made a part of

hereof.

(2) In the even that the City determines, either on its own determination or on the request

of the Service Provider, that it is necessary to amend the project budget, such

amendment may be performed administratively by the City, provided that the total

amount of this agreement is not exceeded.

(3) Within Sixty (60) days after the expiration of termination of this agreement, the

Service Provider shall submit to the City, in a form and manner acceptable to the

Director of Finance and the Director of Public Services, vouchers for the payment for

all remaining payments or monies due under this contract.

### B.    Method of Payment

The City shall make payment under this agreement in accordance with the following

method:

3

(1) The City will make periodic payments to the Service Provide when all of the following conditions are met:

    (a) Submission of requisition for payment to the City specifying that the Service Provider has performed work in conformance with the terms of the agreement equal in value to the amount requisitioned. The requisition for payment (Form 37-Claim Voucher/Invoice) shall indicate the disposition of the amount requested by reference to item(s) in Budget Exhibit B. The voucher must be accompanied by documentation satisfactory to the City indicating expense(s) incurred and payment(s) made, such as payroll records, invoices, time sheets indicating hours worked, contacts, receipts, canceled checks, carbons of checks or check registers and corresponding bank statements or reasonable facsimiles thereof.

    (b) Submission of reports as required in Section 8 hereof.

(2) In the event, Service Provider fails to fulfill the terms and conditions of the Agreement; the City may withhold payment. In such event, the City will notify the Service Provider of the reason for such action and of the conditions precedent to resumption of payment.

## SECTION 4.  SUBCONTRACTING

None of the services to be performed under the terms of this Agreement, as set forty in Exhibit A, shall be subcontracted without the prior written approval by the City; and at the City's sole discretion. The Service Provider shall furnish the City with a written contract for such

4

services which provides that any such subcontractor shall be subject to all the term and conditions of this Agreement. The Service Provider shall not subcontract with any person, firm or organization, with which it or any person employed by it, has a financial interest, direct or indirect.

## SECTION 5. ASSIGNABILITY

The Service Provider shall not assign or transfer any interest in this agreement without the prior written consent of the City, provided however, claims for money due the Service Provider under this Agreement may be assigned to a bank, trust company or other financial institution. Notice of any such assignment will be immediately furnished to the City.

## SECTION 6. COMPLIANCE WITH LAWS AND POLICIES

### SMALL BUSINESS ENTERPRISE PROGRAM

This Agreement is subject to the provisions of the Small Business Enterprise Program contained in Chapter 323 of the Cincinnati Municipal Code. Section 323-99 of the Cincinnati Municipal Code is hereby incorporated by reference into this Agreement.

Details concerning this program can be obtained from the Office of Contract Compliance, Two Centennial Plaza, 805 Central Avenue, Suite 130, Cincinnati, Ohio 45202, (513) 352-3144.

The Contractor shall utilize best efforts to recruit and maximize the participation of all qualified segments of the business community in subcontracting work, including the utilization of small,

5

minority and women business enterprises. This includes the use of practices such as assuring the inclusion of qualified Small Business Enterprises in bid solicitation and dividing large contracts into smaller contracts when economically feasible.

## EQUAL EMPLOYMENT OPPORTUNITY PROGRAM (NON CONSTRUCTION)

This Agreement is subject to the provisions of the Equal Employment Opportunity Program of the City of Cincinnati contained in Chapter 325 of the Cincinnati Municipal Code. Section 325-9 of the Cincinnati Municipal Code is hereby incorporated by reference into this Agreement.

## SECTION 7. DAMAGE/CLAIM RESPONSIBILITY

The Service Provider accepts responsibility for all damages or claims for which it is legally liable arising from the actionable negligence of its officers, employees, or assigns in the performance of its obligations made herein.

## SECTION 8. REPORTS AND AUDITS

The Service Provider shall furnish the City with such reports and audits as the City may request from time to time pertaining to the services herein provided, including costs, obligations, finances and documentation, performed under the terms of this Agreement. The Service Provider shall maintain all financial and administrative records pertaining to this Agreement for a period of one year from the expiration date or the termination date and shall make such reports available for inspection by City authorized personnel.

## SECTION 9. RELATIONSHIP OF PARTIES

6

It is the intent of the City of Cincinnati and the Service Provider in entering into this

Agreement that the Service Provider acts hereunder as an independent contractor and not as an

agent for the City.

## SECTION 10. SEVERABILITY

On the event that any provision of this Agreement is determined to be unlawful, the remaining

provisions shall be deemed severable.

**IN WITNESSES WHEREOF,** the City and Service Provider has signed this Agreement as of
the date written above.

**CITY OF CINCINNATI**

John F. Shirey, City Manager

Recommended By:

Dr. Daryl B. Brock
Director of Public Services

Approved as to Form:

Assistant City Solicitor

SERVICE PROVIDER:

Signature:

Type Name: _DAVID KRINGS_

Title: _HAMILTON COUNTY ADMINISTRATOR_

Approved as to EEO/~~EBE~~    _SBE ll_

Certified: _____

CERTIFIED DATE_____    **JAN 23 2009**

FUND/CODE _____

AMOUNT _____

DIRECTO_____

BY. _____

## EXHIBIT A

## SCOPE OF SERVICES

The Service Provider shall retain the services of a full-time Field Supervisor in the
Hamilton County Adult Probation Department Community Service Program. The Field
Supervisor shall direct team with at lest five to eight (5-8) community service workers daily.
The crew will provide general litter collections and ground maintenance of City owned vacant
lots throughout the City of Cincinnati area and as directed by the Neighborhood Operations
Division. This service will be provided with existing material and supplies. The Neighborhood
Operations Division will furnish additional materials needed.

## EXHIBIT B

## SCOPE OF SERVICE

Direct Compensation to Probation Officer
Field Supervisor                                        $30,944.80

Total Cost of Program                                   $30,944.80

Quarterly payments are $7,736.20

8



# County of Hamilton

**MICHAEL L. WALTON, ESQ.**
ADMINISTRATOR
(513) 946-5800

**JULIE F. BISSINGER, ESQ.**
PERSONNEL DIRECTOR
(513) 946-5802
FAX (513) 946-5809

COURT OF COMMON PLEAS
MUNICIPAL COURT
COUNTY COURTHOUSE
1000 MAIN STREET, ROOM 410
CINCINNATI, OHIO 45202-1217

To: Jerry Campbell, Municipal A.C.P.O.
Tim Shannon, Common Pleas A.C.P.O.

CC: Dave Stevenson, Hamilton County Prosecutor

From: Mike Walton, Court Administrator

Date: November 13, 2001

Re: Assisting Cincinnati Police/Cincinnati Sanitation in underpass clean up


Until further notice, the practice of assisting the Cincinnati Police and Sanitation Divisions in underpass clean up is to stop. Should you have any questions regarding this directive, please contact me.


EXHIBIT
4