IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GERALD CASH, *et al.*, | : | Case No. 1:01cv753 |
| Plaintiffs, | : | (Judge Beckwith) |
| v. | : | <u>MEMORANDUM IN OPPOSITION TO CITY OF CINCINNATI'S MOTION FOR SUMMARY JUDGMENT (Doc. 67)</u> |
| HAMILTON COUNTY DEPT. OF ADULT PROBATION, | : | |
| | : | |
| Defendants. | | |

**DISCUSSION**

The City of Cincinnati recognizes that it is foreclosed in this Court from denying Plaintiffs' "protected property interest in their own items of value" because of the Sixth Circuit's Opinion. (Doc. 67, City Memo. at 10) Plaintiffs will therefore refrain from any argument on this point.

The City then makes two one-sentence statements, one factual and one legal, which were apparently included by accident under separate headings. The first states, "since neither plaintiff was deprived of his right to procedural due process by any employee or official of the City of Cincinnati, the City cannot be liable." (*Id*. at 11) Rule 56(c), Fed. R. Civ. P., only permits a court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." And *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, requires "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." The City has not

done so, nor could it given the deposition testimony of both City and County employees linking the City to the destruction of property found in homeless sweeps. A single sentence simply cannot comply with the Rule, and Plaintiffs see no need to respond further.

The next item which does not require a response is the City's argument that it does not have *respondeat superior* liability. (Doc. 67, City Memo. at 11) Plaintiffs agree. Since the City does not connected this principle with any aspect of the case before the Court, Plaintiffs see no reason to discuss it further.

The City then goes on to make a three-page argument that it "did not have an unconstitutional custom of destroying property without providing procedural due process." (*Id*. at 11-13) However, on appeal the Sixth Circuit held that "a genuine issue of material fact exists as to whether the property of homeless persons like the plaintiffs was being discarded as part of the City's official policy." *Cash v. Hamilton County Dept. of Adult Probation*, 388 F.3d 539, 544 (6th Cir. 2004). The Sixth Circuit based this result upon the testimony of Hamilton County Field Supervisor Jeffrey Smith and City Police Officer Branigan. (*Id*. at 543-44) The City has failed to explain why the testimony of those two witnesses should now be excluded in order to help the City avoid trial. Its argument must therefore be rejected.

The City then makes a ripeness argument although without using that term; it is apparently urging this Court to grant summary judgment on the ground that Plaintiffs failed to exhaust their rights under state replevin law. (Doc. 67, City Memo. at 13-14) This position was expressly rejected by the Sixth Circuit. *See* 388 F.3d at 544-45. There is no need to re-argue it now.

2

Finally the City argues that "notice published in the newspaper of the City's scheduled sale of 'lost and found' property satisfies the requirements of procedural due process." (City Memo. at 14-16) The City's three-page generalized argument on this point fails to mention one minor detail: The notice itself. Obviously, there was no notice or the City would have provided it. The City does not tell this Court how it can rule as a matter of law on the adequacy of a notice that does not exist. Plaintiffs have no idea either. There is no need for further argument on this point.

## CONCLUSION

For the foregoing reasons, the City of Cincinnati's Motion for Summary Judgment should be denied.

                                                                                 Respectfully submitted,

/s/ *Stephen R. Felson*
Stephen R. Felson (0038432)
617 Vine Street, Suite 1401
Cincinnati, Ohio 45202
(513) 721-4900
(513) 639-7011 (fax)
SteveF8953@aol.com

Robert B. Newman (0023484)
Lisa T. Meeks (0062074)
NEWMAN & MEEKS CO., LPA
617 Vine Street, Suite 1401
Cincinnati, Ohio 45202
(513) 639-7000
(513) 639-7011 (fax)
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby certify that on August 8, 2006 a true and accurate copy of the foregoing City of Cincinnati's a Memorandum in Opposition was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties by certified mail who are not served via the Court's electronic filing system.  Paries may access this filing through the Court's system.

                                    /s/ *Stephen R. Felson*
                                    Stephen R. Felson