UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GERALD CASH, et al. | : | CASE NO. 1:01CV753 |
| Plaintiffs, | : | (Judge Beckwith) |
| v. | : | CITY OF CINCINNATI'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |
| HAMILTON COUNTY DEPARTMENT OF ADULT PROBATION, et al. | : | |
| | : | |
| Defendants. | | |
| | : | |

**I.  INTRODUCTION**

The plaintiffs agree that the City of Cincinnati does not have *respondeat superior* liability.  Memorandum in Opposition to City of Cincinnati's Motion for Summary Judgment, p. 2.  As established in the expanded record, there are no genuine issues of material fact concerning the allegation that the City had an unconstitutional policy or custom of destroying constitutionally protected property without providing procedural due process to the owners of the property.  The City is entitled to judgment as a matter of law.

**II.  FACTS**

The plaintiffs did not create a genuine issue of material fact about any of the facts presented in the City's motion for summary judgment.  Those material facts are uncontroverted.  The plaintiffs admit that they were not even present when the public property they were trespassing upon was cleaned in 2001.  Memorandum in Opposition to County Motion for Summary Judgment, p. 9.  They cannot establish that a City

employee participated in cleaning the property upon which they had trespassed. Facts, City's Motion for Summary Judgment, pp. 2-10. If there was any doubt before, there is no doubt now. The expanded record establishes that the City had constitutional policies and customs and did not destroy property without providing procedural due process. The alleged unconstitutional municipal policy or custom did not proximately cause destruction of the plaintiffs' property.

The gist of the plaintiffs' claim is that they were damaged "based upon the custom and practice of <u>a county probation officer who is the chief county policymaker regarding homeless sweeps</u>." Memorandum in Opposition to County Motion for Summary Judgment, p. 5 (emphasis added). It is clear that the plaintiffs fallaciously further predicate their claim upon knowing the identity of the individual who supervised the County probationers during the cleanup in 2001: "[T]his issue comes down to a factual one—who supervised them during homeless sweeps?" *Id*., p. 7. Misconstruing the elements of a 42 U.S.C. §1983 claim against a political entity that allegedly had an unconstitutional policy or custom of depriving individuals of their right to procedural due process, the plaintiffs insufficiently argue that the City of Cincinnati is liable if a City employee supervised the County probationers during the cleanup and that the County is liable if a County employee supervised the probationers. *Id*., p. 9. Even if it was true that on one occasion in 2001 one Cincinnati police officer supervised County probationers cleaning a trash-filled unlawful encampment, and even assuming that the cleanup occurred on a date and location where a trespassing plaintiff had left objects unattended, the City of Cincinnati cannot be liable based on that evidence.

### III. ARGUMENT

####   A.   UNATTENDED OBJECTS UNLAWFULLY LEFT ON PUBLIC PROPERTY BY TRESPASSING INDIVIDUALS ARE NOT CONSTITUTIONALLY PROTECTED PROPERTY INTERESTS

The City preserves this issue for subsequent appellate review, if necessary.

####   B.   THE PLAINTIFFS WERE NOT DEPRIVED OF THEIR RIGHT TO PROCEDURAL DUE PROCESS BY THE CITY OF CINCINNATI

The plaintiffs did not factually identify that any City employee unlawfully destroyed their possessions at a specific time and place after the plaintiffs had trespassed on public property and left their possessions unattended. There are no genuine issues of material fact. The plaintiffs were not deprived of their right to procedural due process by an employee of the City.

####   C.   THE CITY OF CINCINNATI DOES NOT HAVE *RESPONDEAT SUPERIOR* LIABILITY

The plaintiffs concede that the City does not have *respondeat superior* liability. The expanded record before the Court proves that the plaintiffs cannot even connect a City employee to the alleged destruction of their property on a specific date and at a particular location. Even if they had, however, the record also establishes that the City did not have an unconstitutional policy or custom of destroying property without providing due process of law.

####   D.   THE CITY OF CINCINNATI DID NOT HAVE AN UNCONSTITUTIONAL CUSTOM OF DESTROYING PROPERTY WITHOUT PROVIDING PROCEDURAL DUE PROCESS

The plaintiffs did not even attempt to create a genuine issue of material fact about any of the following elements of their cause of action and did not adduce any evidence:

1) the existence of a clear and persistent pattern of illegal activity; 2) notice or constructive notice on the part of City policymakers; 3) the City policymakers' tacit approval of the alleged unconstitutional conduct, such that deliberate indifference in failing to act can be said to amount to an official policy of inaction; and 4) that the City's alleged unconstitutional custom was the "moving force" or direct causal link of the alleged constitutional deprivation. The evidence is uncontroverted that the City did not have an unconstitutional policy or custom of destroying property without providing due process of law.

### E. STATE REPLEVIN SATISFIES THE REQUIREMENTS OF PROCEDURAL DUE PROCESS

The plaintiffs' misconstrued (as a jurisdictional ripeness defense) the City's argument that Ohio law provides procedural due process. It is true that this Court already rejected the City's argument that the plaintiffs' claims were not ripe because they had not first complied with the procedural safeguards provided by Ohio law. That jurisdictional argument, however, is different than the City's argument <u>on the merits</u> that the Ohio statutory replevin procedures available to the plaintiffs provided all the process that was due under the alleged circumstances in the case at bar. *Zinermon v. Burch*, 494 U.S. 113, 126 (1990). The plaintiffs did not respond to this argument. As a matter of law, the plaintiffs were not deprived of procedural due process and they do not have a cognizable claim against the City of Cincinnati.

    **F.**    **NOTICE PUBLISHED IN THE NEWSPAPER OF THE CITY'S SCHEDULED SALE OF "LOST AND FOUND" PROPERTY SATISFIES THE REQUIREMENTS OF PROCEDURAL DUE PROCESS**

The record is uncontroverted that the City of Cincinnati has an official policy of retaining found property and providing notice prior to its disposition. City's Motion for Summary Judgment, pp. 9-10. There are no genuine issues of material fact concerning that retention and notice policy. E.g., see, CPD Policy and Procedure 12.715 Property and Evidence: Accountability, Processing, Storage, and Release; SOP 9: Release of Property; SOP 12: Disposal of Property No Longer Needed; and SOP 13, Police Auctions of Unclaimed Property. Nor are there any genuine issues of material fact concerning the plaintiffs' ability to read, and their actual reading of newspapers. Id., pp. 3-4.

The plaintiffs do not even attempt to rebut the City's defense that the City's notice procedures did not unconstitutionally deprive the plaintiffs of their property. The plaintiffs did not address the case law provided by the City establishing that notice by publication is constitutionally sufficient under the circumstances in the case at bar. The absence of a specific 2001 auction notice in the record does not create a genuine issue of material fact concerning the constitutionality of the City's notice procedures. The City is entitled to judgment as a matter of law.

## IV. CONCLUSION

The plaintiffs cannot establish that the City of Cincinnati had an unconstitutional policy or custom of destroying property without providing due process of law. There are no genuine issues of material fact. The Court should grant the City's motion for summary judgment.

Respectfully submitted,

**JULIA L. MCNEIL (0043535)**
**City Solicitor**


s/ *Richard Ganulin*
**RICHARD GANULIN** (0025642C)
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3329
(513) 352-1515 FAX
E-MAIL: richard.ganulin@cincinnati-oh.gov
Trial counsel for defendant City of Cincinnati


## CERTIFICATE OF SERVICE

I hereby certify on August 18, 2006 a true and accurate copy of the foregoing City of Cincinnati's Reply Memorandum in Support of Motion for Summary Judgment was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties by certified mailed who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/*Richard Ganulin*
**RICHARD GANULIN** (0025642C)
Assistant City Solicitor


Cash Reply MSJ 0706-RG/(smw)