IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GERALD CASH, *et al.*, | : | Case No. 1:01cv753 |
| Plaintiffs, | : | (Judge Beckwith) |
| v. | : | MEMORANDUM IN OPPOSITION TO DEFENDANTS' JOINT |
| HAMILTON COUNTY DEPT. OF ADULT PROBATION, | : | MOTION TO DISMISS CLAIMS OF GERALD AND CLARA CASH |
| | : | (Doc 66) (Affidavit of Lisa T. Meeks |
| Defendants. | | Attached Hereto) |

**DISCUSSION**

Gerald and Clara Cash died on October 25, 2003. A Suggestion of Death was filed with the Sixth Circuit Court of Appeals on November 5, 2003. The Supreme Court did not deny certiorari until October 20, 2005. Defendants filed their motion to dismiss on July 14, 2006, two years and eight months after being notified of the Cashes' death, nine months after the denial of certiorari, and eleven weeks before trial.

"Rule 25(a)(1) has the same effect as a statute of limitation . . . ." *Anderson v. Yungkau*, 153 F.2d 685 (6th Cir. 1946), aff'd, 329 U.S. 482 (1947). As such it can be waived. *Roskam Baking Co. v. Lanham Machinery Co.*, 285 F.3d 895, 902 (6th Cir. 2002) ("The statute of limitations is therefore a procedural mechanism, which may be waived."). The Court should therefore hold that by waiting as it did until just before trial Defendants have waived this defense. There would be no prejudice to Defendants in such a ruling as the case must go to trial anyway, since at least two Plaintiffs remain ready and able to continue this litigation.

In addition, after the 1963 amendments to the federal rules, courts have the power pursuant to Rule 6(b) to extend the time for substituting parties despite the mandatory look of the language of Rule 25(a)(1). *Kaubisch v. Weber*, 408 F.3d 540, 542 (8th Cir. 2005); *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993); *Kernisant v. City of New York*, 225 F.R.D. 422, 425 (E.D.N.Y. 2005); *George v. U.S.*, 208 F.R.D.29, 32 (D. Conn. 2001). Because the Cashes were homeless there were problems finding relatives to act as administrators of their estates. Counsel for Plaintiffs expect to submit an application for the appointment of administrators to the Hamilton County Probate Court within the next ten days. When administrators are appointed, Counsel will request leave from this Court to substitute parties out of time.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the claims of Gerald and Clara Cash should be denied.

Respectfully submitted,

/s/ *Stephen R. Felson*
Stephen R. Felson (0038432)
617 Vine Street, Suite 1401
Cincinnati, Ohio  45202
(513) 721-4900
(513) 639-7011 (fax)
SteveF8953@aol.com

Robert B. Newman (0023484)
Lisa T. Meeks (0062074)
NEWMAN & MEEKS CO., LPA
617 Vine Street, Suite 1401
Cincinnati, Ohio  45202
(513) 639-7000
(513) 639-7011 (fax)
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby certify that on August 8, 2006 a true and accurate copy of the foregoing City of Cincinnati's a Memorandum in Opposition was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties by certified mail who are not served via the Court's electronic filing system.  Paries may access this filing through the Court's system.

                                      /s/ *Stephen R. Felson*
                                      Stephen R. Felson