**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO - WESTERN DIVISION**

| | | |
|---|---|---|
| GERALD CASH, *et al.* | : | Case No. C-1-01-753 |
| | : | |
| Plaintiffs, | : | (Honorable Sandra S. Beckwith) |
| | : | |
| v. | : | REPLY TO PLAINTIFFS' RESPONSE TO |
| | : | MOTION FOR SUMMARY JUDGMENT |
| HAMILTON COUNTY DEPT. OF ADULT | : | FILED BY HAMILTON COUNTY DEPT. |
| PROBATION, *et al.* | : | OF ADULT PROBATION AND MICHAEL |
| | : | L. WALTON, CHIEF PROBATION |
| Defendants | : | OFFICER |

## **REPLY**

The party moving for summary judgment bears the initial burden of demonstrating that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v, Catrett,* 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the nonmoving party must go beyond the pleadings and by affidavits, or by "depositions, answers to interrogatories and admissions on file," to designate "specific facts that there is a genuine issue for trial." *Id. at* 324. "The issue must be 'genuine.' When a moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushida Elec. Indus. Co. LTD v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Significant probative evidence in support of the complaint must be presented in order to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986).

**I.   FACTS**

In this matter, plaintiffs have offered no evidence refuting the sworn statements contained in the affidavit of Michael L. Walton, Chief Probation Officer. With respect to the structure and control of the Probation Department, the following matters, among others, are undisputed:

1. Walton, in all capacities in which he serves, is employed by and answers solely to the Courts that appointed him. The individual officers also answer solely to the Courts.

2. The Board of County Commissioners does not set policy for and has no responsibility or control over the operations of the Probation Department. The policies and procedures of the department are set by the Courts without input from the Board of County Commissioners.

3. Walton does not set policy for the County.

4. All promotions and discipline of probation officers within both divisions of the Department are done by the Courts that the officers serve.

5. Funding for the Probation Department is provided in the same manner as the Courts.

Pertinent to the allegations in plaintiffs' complaint, it is undisputed that probationers performing community service do not wear orange jump-suits.

## II. ARGUMENT

The undisputed facts in this matter clearly establish that the Probation Department is a subunit of the state's judicial system and not a subunit of Hamilton County Government. As such, the Probation Department, and its Chief Probation Officer, Michael Walton, are entitled to the immunities and defenses attendant to that relationship. Plaintiffs seek to avoid serious discussion of the defenses advanced in the motion for summary judgment filed by Walton and the Department, by vaguely asserting that such defenses have been "waived," and because of the failure of the defendants to substitute the proper party. *(Response, Doc. 77 at 3).* They further advance the theory that because probation departments are sued from time to time, every such department is a suable entity.

Plaintiffs' arguments are fatuous.

In the first instance, Walton and the Probation Department ─ from the very outset of this litigation ─ have insisted both that the Department is an arm of the Court, and that Walton, in his

official capacity, is the Court. The Department and Walton moved for summary judgment on the basis of Eleventh Amendment immunity. The Sixth Circuit remanded the matter for further development on this very issue. The defense has been consistently and vigorously asserted. It has not been waived.

Secondly, merely asserting that because the words "probation department" appear in the caption of cases filed throughout the United States that all such departments are *sui juris,* is nonsensical. Plaintiffs control the caption of their cases, not the defendants being sued. Further, it is the obligation of plaintiffs to identify and sue the proper party. It is not the responsibility of the defendants to correct the errors and omissions of the parties suing them. In any event, curiously and importantly missing from Plaintiffs' response is any citation to an Ohio case, reported or unreported, that specifically holds that: 1) an Ohio probation department is *sui juris;* or, 2) that the responsibility for the probation department is a county and not a court function. Nor have they cited any Ohio statutory authority which permits the Probation Department to sue and be sued. The capacity to sue or be sued in a United States District Court is determined by the Law of the state in which the district court sits -- in this case, Ohio. F.R.C.P. 17(b) [1]

---

[1] For a discussion of Ohio cases, *see Richardson v. Grady,* 2000 Ohio App. LEXIS 5960 (Ohio Ct. App. 2000). (As the police department is a department of the City of Cleveland it was not sui juris). citing also:

*Edmonds v. Dillin* (N.D. Ohio 1980), 485 F. Supp. 722,
*Burgess v. Doe* (1996), 116 Ohio App. 3d 61, discretionary appeal disallowed (1997), 78 Ohio St. 3d 1452, (Lebanon Police Department dismissed as not being an entity with the capacity to be sued);
*Cuyahoga Falls v. Robart* (1991), 58 Ohio St. 3d 1, (city council, absent statutory authority, not sui juris);
*Fields v. Dailey* (1990), 68 Ohio App. 3d 33, 45, (city police department declared not a proper party);
*Wynn v. Butler Cty. Sheriff's Dept*. (Mar. 22, 1999), Butler App. No. CA98-08-175, unreported, 1999 Ohio App. LEXIS 1128, at *3 (police departments not real parties in interest);
*Ferrell v. Windham Twp. Police Dept.* (Mar. 27, 1998), Portage App. No. 97-P-0035, unreported, 1998 Ohio App. LEXIS 1269, at fn. 1, *citing Fields v. Dailey* (1990), 68 Ohio App. 3d 33, 45, 587 N.E.2d 400 (village police department is not a legal entity capable of suing or being sued)
*Ragan v. Akron Police Dept.,* 1994 Ohio App. LEXIS 137 (Jan. 19, 1994), Summit App. No. 16200, unreported, 1994 WL 18641 (Akron Police Department dismissed for failure to state a claim since it was not an entity that was capable of being sued).

Further, Plaintiffs' analysis of *Monell* in connection with the capacity of the Department to be sued has been considered and rejected. *See Edmonds v. Dillin,* 485 F.Supp. 722 (N.D. Oh. 1980). The specific holding of *Monell v. Department of Social Services,* 436 U.S. 658 (1978) is something more than that mentioned in Plaintiffs' Response. *(Doc. 77 at 2). Monell* specifically contemplates that a governmental entity must be *sui juris* for the local government to be a "person" under 42 U.S.C. 1983 when one of its employees or official is sued in their official capacity stating:

> Since official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent -- at least where Eleventh Amendment considerations do not control analysis -- our holding today that local governments can be sued under §§ 1983 necessarily decides that local government officials sued in their official capacities are "persons" under §§ 1983 in those cases in which, as here, *a local government would be suable* in its own name. *Id.* at 691. (Emphasis added).

While Plaintiffs have talked all around the issue, nowhere in their response do they address the central premise of the motion for summary judgment submitted by Walton and the Department, that being: the Probation Department was created by, belongs to, and is operated and controlled by the Courts ─ not the County. Likewise, Walton was appointed only by, directed only by, and may be removed only by the Courts ─ not the County.

Finally, Plaintiffs have failed to point to any evidence in the record that the probationers performing community service participated in the specific events complained of by Wahoff and Garcia, the only two remaining plaintiffs. Wahoff saw persons in "orange jump-suits" removing items from his camp. Probationers performing community service do not wear such uniforms (or any uniforms). Garcia saw nothing at all. While it is undisputed that probationers participated in community service by picking up debris in locations along highways and under bridges at the direction of the Cincinnati Police and others, there is simply nothing in the record demonstrating that probationers participated in the specific events complained of by Wahoff and Garcia.

Taken most favorably to the remaining Plaintiffs, Wahoff's assertion more than implies that some other group or agency was responsible for removing his property from his camp.

### III.  CONCLUSION

For all of the foregoing reasons, the Motion for Summary Judgment filed by the Probation Department and Michael L. Walton should be granted and all claims against them should be dismissed.

> Respectfully submitted,
>
> JOSEPH T. DETERS
> PROSECUTING ATTORNEY
> HAMILTON COUNTY, OHIO
>
> by:   */s/ David T. Stevenson*
> David T. Stevenson, Ohio Reg. 0030014
> Assistant Prosecuting Attorney
> Suite 4000 Wm. Howard Taft Law Center
> 230 East Ninth Street
> Cincinnati, Ohio 45202
> *Trial Counsel for Hamilton Co. Dep't of Adult Probation and Michael Walton, Chief Probation Officer*

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed on the 25th day of August through the electronic filing system of the United States District Court for the Southern District of Ohio, which will cause service to be made upon:

| | |
|---|---|
| Stephen J. Felson, 0038432 | Richard Ganulin, Ohio reg. 0025642 |
| Robert B. Newman, 0023484 | Assistant Solicitor |
| Suite 1401 | 801 Plum Street, Room 214 |
| 617 Vine Street | Cincinnati, Ohio 45202 |
| Cincinnati, Ohio 45202 | *Trial Counsel for the City of Cincinnati* |
| *Counsel For Plaintiffs* | |

>  */s/ David T. Stevenson*