IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

```
Gerald Cash, et al.,          )
                              )
          Plaintiffs,         ) Case No. 1:01-CV-753
                              )
     vs.                      )
                              )
Hamilton County Department    )
of Adult Probation, et al.,   )
                              )
          Defendants.         )
```

O R D E R

This matter is before the Court on motions to dismiss the claims of Plaintiff Rocky Wayne Adkisson (Doc. Nos. 62 & 64) and motions for summary judgment (Doc. Nos. 67 & 73) filed by Defendants Hamilton County Department of Adult Probation and the City of Cincinnati. Also before the Court is Defendants' joint motion to dismiss the claims of Gerald and Clara Cash (Doc. No. 66) and Plaintiffs' motion to substitute party for Gerald Cash (Doc. No. 78). For the reasons that follow, Defendants' motions to dismiss the claims of Plaintiff Rocky Wayne Adkisson are well-taken and are **GRANTED**; Defendants' motions for summary judgment are not well-taken and are **DENIED**; Defendants' motion to dismiss the claims of Gerald and Clara Cash is not well-taken and is **DENIED**; Plaintiff's motion to substitute party is well-taken and is **GRANTED**.

I. Motions for Summary Judgment

This matter is before the Court on remand from the Sixth Circuit Court of Appeals' opinion in Cash v. Hamilton County Dept. of Adult Prob., 388 F.3d 539 (6th Cir. 2005). In that decision, the Court determined that there were genuine issues of material fact concerning whether Defendants have a custom or policy of confiscating the property of homeless persons without prior notice and an opportunity to be heard, whether Defendants in fact collected Plaintiffs' property and placed it in the City property room or whether it was destroyed on site, and whether notice by publication was sufficient given the "educational and financial restraints of the homeless community." Id. at 543-44. In addressing the Department of Adult Probation's contention that it is entitled to sovereign immunity under the Eleventh Amendment, the Court held that "the most important factor is will a State pay if the defendant loses?" Id. at 545 (quoting Brotherton v. Cleveland, 173 F.3d 552, 560 (6th Cir. 1999))(internal quotation marks omitted).

The Court stated that the adequacy of notice was "an issue for the district court to resolve on remand." Id. Regarding Eleventh Amendment sovereign immunity, the Court stated that "[a] final resolution of this issue will turn on factual findings regarding whether the Department of Adult Probation is part of the Ohio court system and whether the State or County

would pay damages for a constitutional violation perpetrated by the Department. We therefore remand this issue to the district court for further development." Id. at 545. The Court concluded its opinion by stating, "[W]e REVERSE the judgment of the district court and REMAND the case for proceedings consistent with this opinion." Id.

Therefore, on remand, according to the mandate of the Court of Appeals, this Court's task is limited to considering the adequacy of notice by publication for persons in the homeless community and determining whether the Department of Adult Probation is entitled to sovereign immunity. On the latter issue, this Court's mandate more specifically is to determine whether the Department of Adult Probation is an arm of the Ohio court system and who would pay a judgment against the Department. This Court, therefore, interprets the mandate from the Cash Court as being a limited remand, which correspondingly restricts the scope of the issues which may properly be considered. United States v. Campbell, 168 F.3d 263, 265 (6th Cir. 1999)("Limited remands explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate.").

Consequently, to the extent that Defendants' respective motions argue that there are no genuine issues of fact, and that they are entitled to summary judgment on the merits of

Plaintiffs' claims, concerning the existence of a municipal policy and issues related to the confiscation and destruction of Plaintiffs' property, the motions exceed the scope of the Court of Appeals' mandate.  Accordingly, the motions for summary judgment are not well-taken and are **DENIED**.

The Court further finds that the City of Cincinnati's motion for summary judgment is not in compliance with the mandate with respect to the issues of adequacy of notice.  The City of Cincinnati argues that notice by publication is sufficient because Plaintiffs admit that they go to the library to read the newspaper.  This argument is essentially a rehash of the argument rejected by the Cash panel on direct appeal.  See Cash, 388 F.3d at 544 ("The City submits that it published a notice in the local newspaper, which was available for anyone in the Cincinnati area to pick up and read.").  The mandate of the Court of Appeals, however, was to consider adequacy of notice given "the educational and financial restraints of the homeless community[.]"  Id.  The City has not adduced any evidence concerning the educational and financial resources of the homeless community.  Accordingly, the City is not entitled to summary judgment on this issue.

The Court also finds that the Department of Adult Probation is not entitled to summary judgment on its claim for Eleventh Amendment sovereign immunity.  Although the Department

has identified relevant statutes which indicate that it is an arm of the state courts of Ohio, and therefore, an arm of the State of Ohio,[1] it admits that Hamilton County is responsible for appropriating funds for the operation of the court system and the Department of Probation. See Doc. No. 73, at 4; see also State ex rel. Wilke v. Hamilton County Bd. of Comm'rs, 734 N.E.2d 811, 818 (Ohio 2000)(making clear that the state courts are funded through appropriations approved the county commissioners and paid from the county treasury). The issue of whether the State would potentially be responsible for a judgment, although not the only consideration, is the "foremost factor" in the Eleventh Amendment analysis. See Ernst v. Rising, 427 F.3d 351, 359 (6th Cir. 2005). Thus, while the Court appreciates that the courts of common pleas establish the probation departments, and are responsible for the appointment and supervision of the department's staff, Ohio Rev. Code § 2301.27(A)(1), given that the Department does not argue that the State of Ohio has any potential financial liability for a judgment against it, we feel constrained to conclude that these factors do not override the

---

[1] Earlier case law from this Circuit held that county courts were entitled to Eleventh Amendment immunity. See Mumford v. Basinski, 105 F.3d 264, 268 (6th Cir. 1997). In Cash, however, the Court stated that it had rejected a per se rule that county courts are entitled to Eleventh Amendment immunity. Cash, 388 F.3d at 545 (citing Alkire v. Irving, 330 F.3d 802, 811 (6th Cir. 2003)). In other words, there is no longer a presumption that county courts are entities of the state government.

fact that the Department is funded only by Hamilton County.[2] Therefore, the Department is not entitled to summary judgment on the grounds of Eleventh Amendment sovereign immunity.[3]

    II. <u>Motions to Dismiss Claims of Plaintiff Adkisson</u>

However, Defendants' motions to dismiss the claims of Plaintiff Adkisson are well-taken and are **GRANTED**. Plaintiffs have not filed any memorandum in opposition to these motions. Therefore, they apparently concede that Adkisson refused or otherwise failed to make himself available for deposition. Therefore, dismissal of Plaintiff Adkisson's claims is appropriate. Fed. R. Civ. P. 37(d), 37(b)(2)(C). Accordingly,

---

    [2] In <u>Ernst</u>, the Court stated that in analyzing Eleventh Amendment immunity, district courts should also consider the state's degree of control over the entity's actions, whether state or local officials appoint the board members of the entity, and whether the entity's functions fall within the traditional purview of state or local government. <u>Ernst</u>, 427 F.3d at 359.

    [3] The Department also argues that summary judgment in its favor is appropriate because it is not <u>sui juris</u>. Lack of capacity to be sued is an affirmative defense, <u>Carney v. Cleveland Heights-Univ. Heights City Sch. Dist.</u>, 758 N.E.2d 234, 274 n.7 (Ohio Ct. App. 2001), which the Department raises for the first time on remand. The Court, therefore, finds that this argument exceeds the scope of the mandate. Moreover, the Court believes that Plaintiffs are correct in arguing that the Department has waived this defense by not asserting it earlier. <u>See</u> <u>English v. Dyke</u>, 23 F.3d 1086, 1090 (6th Cir. 1994)(district court may find waiver of affirmative defense if defendant failed to exercise due diligence in asserting it). As Plaintiffs correctly point out, this case has been litigated in the name of the Department of Adult Probation for five years without a request for substitution of parties, or, the Court would add, a motion to dismiss on this ground.

the motions to dismiss are well-taken and are **GRANTED**; the claims of Plaintiff Rocky Wayne Adkisson are **DISMISSED WITH PREJUDICE.**

### III. Motion to Dismiss Claims of Plaintiffs Gerald and Clara Cash and Motion to Substitute Party for Plaintiff Gerald Cash

Plaintiffs Gerald and Clara Cash died in a house fire in October 2003.  Defendants now move to dismiss their claims for failure to timely move for substitution of a party after a suggestion of death under Fed. R. Civ. P. 25(a).  Rule 25(a) generally requires that a motion for substitution be made within ninety days after a suggestion of death has been filed. Conversely, Plaintiffs now move to substitute Lisa Meeks, Administrator of the Estate of Gerald Cash, as a party for Gerald Cash.  Plaintiffs also indicate that later they will be moving to open an estate on behalf of Clara Cash, thus foreshadowing the filing of another motion to substitute.

The instant motions present an interesting procedural problem in terms of the interaction between the Federal Rules of Appellate Procedure and the Federal Rules of Civil Procedure. Nevertheless, no matter which set of rules controls the issue, the Court finds that Defendants' motion should be denied and that Plaintiffs' motion should be granted.

Gerald and Clara Cash died while this case was pending appeal before the Sixth Circuit Court of Appeals.  Plaintiffs filed a suggestion of death with the Court of Appeals in November

7

2003.  See Doc. No. 66, Ex. 1.  Because the Cashes died while the case was on appeal, Federal Rule of Appellate Procedure 43 ostensibly controls the procedure for substitution of parties. Unlike Federal Rule of Civil Procedure 25(a), Appellate Rule 43 does not specify any time period in which a motion for substitution must be made.  Servidone Constr. Corp. v. Levine, 156 F.3d 414, 416 (2nd Cir. 1998).  Thus, if Appellate Rule 43 applies, then Plaintiffs' motion for substitution is timely because there was no time period in which they were required to file the motion.

On the other hand, if Civil Rule 25 applies, then Plaintiffs' motion for substitution is still timely.  Rule 25(a) requires a motion for substitution to be made within ninety days after a suggestion of death "on the record."  Fed. R. Civ. P. 25(a).  No formal suggestion of death has been filed on the docket of this Court.  Therefore, the ninety day period for filing a motion for substitution has not started.  See Grandbouche v. Lovell, 913 F.2d 835, 836-37 (10th Cir. 1990)("The running of the ninety-day limitations period under Rule 25(a)(1) is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death.  Mere reference to a party's death in court proceedings or pleadings is not sufficient to trigger the

limitations period for filing a motion for substitution.") (internal citations omitted).

The Court, therefore, finds that Plaintiffs' motion to substitute party was timely filed.  Accordingly, Defendants' motions to dismiss the claims of Gerald and Clara Cash are not well-taken and are **DENIED**.  Plaintiff's motion to substitute Lisa Meeks, Administrator for the Estate of Gerald Cash, as a party for Plaintiff Gerald Cash is well-taken and is **GRANTED**.

**IT IS SO ORDERED**

Date September 5, 2006             s/Sandra S. Beckwith
                                   Sandra S. Beckwith, Chief Judge
                                    United States District Court