FILED
JAMES BONINI
CLERK

06 SEP 19 PM 3:21

U.S. [DISTRICT] COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GERALD CASH, *et al.*, | : | Case No. 1:01cv753 |
| Plaintiffs, | : | (Judge Beckwith) |
| v. | : | **JOINT FINAL PRETRIAL STATEMENT** |
| HAMILTON COUNTY DEPT. OF ADULT PROBATION, *et al.*, | : | |
| Defendants. | : | |

### I. APPEARANCES:

For Plaintiffs: Robert B. Newman and Stephen R. Felson.

For Defendants Hamilton County Department of Adult Probation and Michael Walton: David T. Stevenson and Christian J. Schaefer.

For Defendant City of Cincinnati: Richard Ganulin and Peter J. Stackpole

### II. NATURE OF ACTION AND JURISDITION:

A. This is a civil rights action in which Plaintiffs allege that Defendants destroyed Plaintiffs' personal property without notice or a hearing in violation of the Fourteenth Amendment to the United States Constitution.

B. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

C. The Adult Probation Department and Michael Walton dispute the jurisdiction of the Court under the Eleventh Amendment to the United States Constitution for the reasons outlined in their previously filed motions for summary judgment.

The City of Cincinnati disputes the jurisdiction of the Court over Plaintiffs' claim challenging notice by newspaper publication for reason of the lack of standing of Plaintiffs.

### III. TRIAL INFORMATION:

A. The estimated length of trial is four days.

Jt Pretrial Stmt
09/19/06, Page 2

B. A jury trial has been set for October 3, 2006, pursuant to the General Notice on Trial Assignment.

## IV. AGREED STATEMENTS AND LISTS:

A. <u>General Nature of the Claims of the Parties</u>

1) Plaintiffs claim Defendants destroyed Plaintiffs' personal property without notice or a hearing.

2) The Adult Probation Department and Walton deny liability for the following reasons:

- The property of the Plaintiffs was not destroyed.
- If the property of the Plaintiffs was destroyed, it was not destroyed by these defendants or their employees.
- If the property of the Plaintiffs was destroyed, it was not destroyed pursuant to a policy, practice, or custom of these defendants
- The property alleged to have been destroyed has no value.
- The Court lacks jurisdiction and Plaintiffs failed to mitigate damages

3) The City of Cincinnati denies liability for the following reasons:

- Objects belonging to Plaintiffs were not destroyed.
- The objects left unattended by the trespassing Plaintiffs on public land do not confer a constitutionally protected property interest
- If objects belonging to Plaintiffs were destroyed, they were not destroyed by employees or agents of the City of Cincinnati
- If objects belonging to Plaintiffs were destroyed, the proximate cause of their destruction was not an unconstitutional policy or custom of the City of Cincinnati to deprive individuals of their right to procedural due process
- The Court lacks jurisdiction, Plaintiffs have failed to state and prove a claim upon which relief can be granted, and Plaintiffs have failed to mitigate damages.

Jt Pretrial Stmt
09/19/06, Page 3

B. Uncontroverted Facts

1) The Parties stipulate to the existence of contracts (1) between the City of Cincinnati and the Ohio Department of Transportation, and (2) between the Adult Probation Department and the City of Cincinnati.

2) The Parties stipulate to the existence of the schedules of the community service work crews for the dates for September and October, 2001.

3) The Parties stipulate to the existence of 1) Cincinnati Police Department Policy and Procedure 12.715, "Property and Evidence: Accountability, Processing, Storage, and Release;" 2) Standard Operating Procedures 9 (Release of Property), 12 (Disposal of Property No Longer Needed), 13 (Police Auctions of Unclaimed Property).

4) The Parties stipulate that the chain of command in the City went from Officer to Sergeant to Lieutenant to Captain to Assistant Chief of Police to Chief of Police to Safety Director to City Manager. Under the City Charter, the City Manager is the chief executive of the City and City Council is the legislative policymaking authority.

5) The Parties stipulate to the existence of Chapter 2737 of the Ohio Revised Code and that Plaintiffs did not file a replevin action against any Defendant.

6) As between Plaintiffs and the City of Cincinnati it is uncontroverted that none of the property alleged by Plaintiffs to have been thrown away appeared either on the inventory list or on the shelves of the Court Property Unit of the Cincinnati Police Department. The Adult Probation Department and Walton do not agree with this statement, will not stipulate to it and assert that it is not uncontroverted.

7) The Parties stipulate that the sites at issue in this case were property located underneath interstate highway overpasses and owned by the State of Ohio.

C. Issues of Fact and Law

1) *Contested Issues of Fact*:

a) Plaintiffs assert that the contested facts are those set forth in their proposed jury instructions.

b) The Adult Probation Department and Walton assert that the contested issues of fact and law are implicit in the

       reasons stated in the denial of liability and defenses offered above.

    c) The City of Cincinnati asserts that the contested issues of fact and law are identified in the reasons stated in the denial of liability and the defenses in IV(A)(3) above.

2) *Contested Issues of Law*:

The City's motion to dismiss for lack of jurisdiction is pending.

D. <u>Witnesses</u>

1) Plaintiffs may call the following witnesses:

- Plaintiffs Garcia and Wahoff, who will testify concerning their knowledge of City and County cleanup operations and as to the value of the property taken from them.

- Jeffrey Smith, who will testify concerning his knowledge of cleanup operations.

- Defendant Walton, who will testify concerning his knowledge of cleanup operations.

- Molly Lyons, who will testify concerning her knowledge of cleanup operations.

- Timothy Shannon, who will testify as to his knowledge of cleanup operations.

- Cincinnati Police Sergeant Boertlein, who will testify regarding the police property room

Plaintiffs reserve the right to call any of Defendants' witnesses and any witnesses necessary for impeachment.

2) The Adult Probation Department and Walton will have available at trial and expect to call the following witnesses:

- Michael L. Walton - testimony will relate to the structure an operation of the Adult Probation Department, its policies and procedures Jeffery Smith - testimony will relate to his duties regarding the community work service crews and the facts known to him regarding claims made by the plaintiffs

- Rod Ellis - testimony will relate to the same matters as Smith

- David Browning - testimony will relate to his knowledge of the community work service crews and the performance of services for the City of Cincinnati and the Ohio Department of Transportation

- Cincinnati Police Officer Tom Prem - same as Browning

- Cincinnati Police Sergeant Boertlein - testimony will relate to procedures regarding found property delivered to the Cincinnati Police property room

- Cincinnati Police Officer Thomas Brannigan - testimony will relate to the facts of plaintiffs' claims

- Cincinnati Police Officer Steve Saunders – testimony will authenticate photographs.

- Cincinnati Police Officer Bill Fletcher – testimony will authenticate photographs.

- These defendants reserve the right to call all witnesses listed by Plaintiffs and the City of Cincinnati

3) The City of Cincinnati may call:

- Police Officer Tom Prem—Will testify how he responded to complaints about dangerous and unsanitary conditions on public lands

- Police Officer Thomas Branigan—Will testify how he responded to complaints about dangerous and unsanitary conditions on public lands

- Police Sergeant Boertlein—Will testify about the procedures for "lost and found" objects delivered to the Cincinnati Police Division Property Room

The City reserves the right to call all witnesses listed by Plaintiffs and the Hamilton County Adult Probation Department

E. Expert Witnesses

None of the parties intends to call an expert witness.

5

Jt Pretrial Stmt
09/19/06, Page 6

### F. Exhibits

The following exhibits may be admitted without objection:

- Contracts for community service labor with the City of Cincinnati and Ohio Department of Transportation

- Probation Department scheduling sheets for September and October, 2001, as provide in discovery [ABOVE ALSO].

- Property logs from Cincinnati Police Property Room

- Photographs of homeless encampments and photographs of the areas from which Plaintiffs claim their property was removed if produced for inspection by Plaintiffs' counsel by September 14, 2006, and approved by Plaintiffs' counsel.

- Selected policies and procedures of the Adult Probation Department

- Cincinnati Police Division Procedure 12.715

- Cincinnati Police Division Standard Operating Procedures 9, 12, and 13

- Contracts between the Adult Probation Department and the State of Ohio and between the Adult Probation Department and the City of Cincinnati

### G. Depositions

The Adult Probation Department and Walton do not anticipate offering depositions at trial unless and until it is demonstrated that any of the named witnesses are unavailable for live testimony at trial. They reserve the right to uses the depositions of any witness for impeachment purposes.

The City of Cincinnati reserves the right to use the depositions of any witness for impeachment purposes.

### VI.   JURY INSTRUCTIONS

Jt Pretrial Stmt
09/19/06, Page 7

Jury instructions proposed by the Adult Probation Department and Walton are appended hereto as Attachment A, and those proposed by the City of Cincinnati are appended hereto as Attachment B. These parties join in each other's jury instructions.

Plaintiffs' proposed jury instructions are appended hereto as Attachment C.

## VII. SETTLEMENT

Defendants have made a joint offer to settle and Plaintiffs have responded with a demand.

/s/ Stephen R. Felson
Stephen R. Felson (0038432)
617 Vine Street, Suite 1401
Cincinnati, Ohio 45202
(513) 721-4900
(513) 639-7011 (fax)
SteveF8953@aol.com


Robert B. Newman (0023484)
Lisa T. Meeks (0062074)
NEWMAN & MEEKS CO., LPA
617 Vine Street, Suite 1401
Cincinnati, Ohio 45202
(513) 639-7000
(513) 639-7011 (fax)
Counsel for Plaintiffs

/s/ David T. Stevenson
David T. Stevenson (0030014)
230 E. Ninth Street, Suite 4000
Cincinnati, OH 45202
(513) 946-3120
(513) 946-3018 (fax)
dave.Stevenson@hcpros.org
Counsel for Defendants Adult
Probation Department and Walton

/s/ Richard Ganulin
Richard Ganulin (0025642)
801 Plum St., Suite 214
Cincinnati, OH 45202
(513) 352-3329
(513) 352-1515 (fax)
Richard.ganulin@cincinnati-oh.gov
Counsel for City of Cincinnati